# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JEFFREY PHILLIPS, On Behalf of Himself and All Other Persons in the State of Georgia Who are Similarly Situated,<br><br>        Plaintiff,<br><br>vs.<br><br>OCWEN LOAN SERVICING, LLC; OCWEN FINANCIAL CORPORATION; and BANK OF AMERICA, NATIONAL ASSOCIATION, AS SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF CREDIT SUISSE SEASONED LOAN TRUST 2006-1, HOME EQUITY PASS-THROUGH CERTIFICATES, SERIES 2006-1,<br><br>        Defendants. | Civil Action File No.: |

## NOTICE OF REMOVAL

Pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA") and 28 U.S.C. §§ 1331, 1332, 1446 and 1453, Defendant Ocwen Loan Servicing, LLC ("OLS") hereby files this Notice of Removal, removing the case styled *Jeffrey Phillips, On Behalf of Himself and All Other Persons in the State of Georgia Who are Similarly Situated v. Ocwen Loan Servicing, LLC, et al.*, Civil

Action File No. 2010cv193422 to the United States District Court for the Northern District of Georgia-Atlanta Division.

In support of its Notice of Removal and as grounds for removal, OLS states as follows:

## I.     BACKGROUND

1.     On or about November 16, 2010, Plaintiff Jeffrey Phillips ("Plaintiff") initiated the State Court Action with a Petition to Remove Cloud from Title ("Petition") in the Superior Court of the State of Georgia, Fulton County entitled *"Jeffrey Phillips v. Ocwen Loan Servicing,"* Civil Action File No. 2010cv193422. A copy of the complaint and all process, pleadings, and orders filed with the Fulton County Superior Court are attached hereto as **Exhibit 1**.

2.     On or about October 5, 2012, Plaintiff filed a First Amended and Restated Complaint ("FAC"), which amended the Petition to bring a putative class action, added new claims, including a claim under the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and named new defendants. The State Court Action is now entitled *"Jeffrey Phillips, On Behalf of Himself and All Other Persons in the State of Georgia Who are Similarly Situated v. Ocwen Loan Servicing, LLC, et al.,"* Civil Action File No. 2010cv193422 (the "State Court Action").

3. As set out more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because OLS has satisfied the procedural requirements for removal and because this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1332.

## II. THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1331 AND 1441.

4. This action is a civil action of which this Court has original Federal question jurisdiction pursuant to 28 U.S.C. § 1331, and is therefore one which may be removed to this Court by OLS pursuant to 28 U.S.C. § 1441 *et seq.,* in that the State Court Action arises under the laws of the United States.

5. Specifically, paragraphs 87-90 of the FAC allege violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*

6. Plaintiff's remaining state and common law claims arise out of the same facts and circumstances as the federal claims for violation of the FDCPA. In particular, each cause of action is based upon the loan transaction and subsequent accounting and foreclosure issues.

7. The Court has supplemental jurisdiction over Plaintiff's remaining state and common law claims pursuant to 28 U.S.C. § 1367. Supplemental jurisdiction is proper when the state law claims share a "common nucleus of

operative facts" with a federal claim.  *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 164-165 (1997).

8. This action is, therefore, one which may be removed to this Court by OLS pursuant to 28 U.S.C. § 1441(b), which provides in relevant part:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising *under the Constitution, treaties or laws of the United States* <u>shall</u> be removable without regard to the citizenship or residence of the parties.

(emphasis added).

### III. THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

9. The State Court Action is a civil action of which this Court has also original diversity jurisdiction pursuant to 28 U.S.C. § 1332(d), and is therefore one which may be removed to this Court by OLS pursuant to 28 U.S.C. § 1441 *et seq.*, in that the State Court Action is removable under the Class Action Fairness Act ("CAFA").  *See* 28 U.S.C. § 1332(d)(1),(2).

#### A. CAFA Provides the Jurisdictional Basis for Removal.

10. CAFA grants federal courts original subject matter jurisdiction over certain class actions.  *See* 28 U.S.C. § 1332(d)(2).

11. A civil class action may be removed under CAFA if: (1) any plaintiff is a citizen of a state different from any defendant (i.e. minimal diversity exists); and, (2) the amount in controversy exceeds CAFA's jurisdictional threshold of $5 million exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2).

### B. There is Minimal Diversity of Citizenship.

12. CAFA's minimal diversity requirement is satisfied when "any member of the class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

13. For purposes of diversity jurisdiction, a person is a citizen of the state in which he or she is domiciled. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). "[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). For purposes of diversity jurisdiction, residence establishes a prima facie showing of domicile. *Smith v. Cummings*, 445 F.3d 1254, 1259-60 (10th Cir. 2006). In Paragraph 1 of the Petition, Plaintiff pleads that he is "residing in Fulton County, Georgia . . . ." *See* Petition, which is included in the State Court Action pleadings packet attached hereto as Exhibit 1. Plaintiff also sought to quiet title to his property, thereby expressing an intention to maintain his Georgia presence

indefinitely.  *See* Petition, Prayer for Relief.  Plaintiff does not allege that he has any intention of leaving Georgia.  *See* FAC, generally; and, Petition, generally.  Therefore, Plaintiff is domiciled in the State of Georgia and is a citizen of Georgia for purposes of diversity jurisdiction.

14.   At the time Plaintiff filed the FAC, Bank of America, National Association ("BANA") was, and is, a national banking association.  For purposes of diversity jurisdiction, a national banking association is deemed to be a citizen of the state in which it is located.  28 U.S.C. § 1348.  A national banking association is "located" in the "State designated in its articles of association as its main office." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006).  According to its Articles of Association, BANA's main office is in Charlotte, North Carolina.  Accordingly, at the time this action was commenced, and at all times since, BANA was and is a citizen of North Carolina.  BANA therefore is not a citizen of Georgia within the meaning of 28 U.S.C. § 1332(d)(2)(A).

15.   Thus, at least one proposed class member and one defendant are diverse, and minimal diversity is established. 28 U.S.C. § 1332(d)(2)(A).

  **C. This Action Meets CAFA's $5 Million Amount in Controversy Requirement.**

  16. To remove an action to federal court under CAFA, the amount in controversy must exceed "the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2).

  17. OLS disputes that the proposed class may be certified and/or that it is liable for any damages whatsoever to Plaintiff or to the proposed class. Nevertheless, as shown below, based on the (defective) class allegations of the FAC, the aggregate amount in controversy in this case exceeds $5 million under the "preponderance of the evidence" standard. *See Pretka v. Kolter.*, 608 F.3d 744, 752 (11th Cir. 2010). This standard requires only that Defendants present in the removal petition "facts supporting jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994).

  18. Each and every allegation pled in the FAC arises from OLS's servicing of a loan Plaintiff entered into in the amount of $86,400.00. *See* FAC, ¶¶ 16; and FAC, generally. The FAC alleges that the putative class members have similar claims. As a result of the purported wrongs alleged in the FAC, Plaintiff seeks, among other things, a preliminary and permanent injunction preventing OLS from engaging in "any foreclosure or attempted foreclosure with respect to the Loan or the Home [the subject property] or *any other property secured by a*

*mortgage served by Ocwen* until Ocwen's mortgage loan accounts are corrected[.]" *See* FAC, ¶ 119 (b) (emphasis added).

19. Plaintiff does not allege a specific amount in controversy; however, it is well-settled that where a party seeks injunctive relief, "the amount in controversy is measured by the value of the object of the litigation." *Occidental Chemical Corp. v. Bullard,* 995 F.2d 1046, 1047 (10th Cir. 1993) (citing *Hunt v. Washington State Apple Advt'g Comm'n,* 432 U.S. 33, 347-348 (1977)). *See also Garland v. Mortgage Electronic Registration Sys., Inc.,* Civil Nos. 09-71, 09-72, 09-342, 09-430, 2009 WL 1684424, *2-3 (D. Minn. June 16, 2009) (holding that for the purposes of establishing diversity jurisdiction, the amount in controversy in a claim disputing the right to foreclose is either (a) the value of the property subject to the mortgage  or (b) the outstanding balance on the loan secured by the property).

20. As stated above, among other things, Plaintiff seeks to enjoin foreclosure of each and every loan currently serviced by OLS in Georgia that is in default. FAC, ¶ 119(b). *See also* FAC, ¶ 35 (defining class to include "all owners of real property located in the State of Georgia and securing a mortgage serviced by Ocwen; and . . . [w]ho, after June 10, 2010 . . . were either in default or were treated as being in default by Ocwen."). The aggregate of the outstanding balances

of loans serviced by OLS meeting the foregoing definition is well in excess of $5,000,000.00.  *See* Decl. of Rashad Blanchard ("Blanchard Decl.") attached hereto and incorporated herein as **Exhibit 2**.

21. The aggregate value of the property securing the loans serviced by OLS meeting the foregoing definition is well in excess of $5,000,000.00.  *See* Blanchard Decl. ¶ 2.

22. The FAC references several other cases from around the country involving alleged conduct similar to that complained of in the FAC.  The FAC pleads that these cases resulted in damages awards or settlements in excess of the $5,000,000 jurisdictional threshold.  *See* FAC, ¶¶ 51, 52.

23. Therefore, CAFA's $5 million jurisdictional threshold is plainly met.

**IV.   OTHER REMOVAL REQUIREMENTS ARE SATISFIED**

24. This Notice of Removal is timely because it is filed within thirty days of the date on which OLS was first served with the FAC, and thus the date from which it could "first be ascertained" that the case is one which "has become removable."  28 U.S.C. § 1446 (b)(3).  The one-year limitation on removal does not apply to Federal question cases.  The one year limitation for removal based upon diversity jurisdiction does not apply to a removal under CAFA.  *See* 28 U.S.C. § 1453(b).

25. The consent of the other defendants is not required for removal under CAFA. *See* 28 U.S.C. § 1453(b). However, consent of all defendants who have been joined and served is required for removal for federal question jurisdiction. *See* 28 U.S.C. § 1446(b)(2)(A). Defendant Ocwen Financial Corporation ("OFC") has not formally been joined in the case and thus its consent is not required. To the extent required, but only to the extent required, OFC consents to removal. *See* OFC's Consent to Removal, attached as **Exhibit 3**. BANA consents to the removal of the State Court Action. *See* BANA's Consent to Removal, attached as **Exhibit 4**.

26. The proper venue for removal is "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). As this District Court embraces Fulton County, removal to this Court is proper. 28 U.S.C. §§ 1141(a), 90(a)(2).

27. In compliance with 28 U.S.C. § 1446(d), OLS will promptly file a copy of this Notice of Removal with the clerk of the Superior Court of the State of Georgia, Fulton County, and serve a copy upon counsel for Plaintiff. A copy of this notice (without attachments) is attached hereto as **Exhibit 5**.

28. In compliance with 28 U.S.C. § 1446(a), "all process, pleadings, and orders served upon" OLS are attached hereto as **Exhibit 1**. 28 U.S.C. § 1446(a).

29.     In compliance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be sent to Plaintiff's counsel, the only adverse party.  A copy of this notice (without attachments) is attached as **Exhibit 6**.

30.     By filing this Notice of Removal, OLS does not waive any defenses, including, without limitation, any defenses specified in Fed. R. Civ. P. 12 or any other defense.

Respectfully submitted this 2nd day of November, 2012.

                                     **BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**

                                     /s/ Sarah-Nell Walsh_____
Linda A. Klein
Georgia Bar No. 425069
William A. McBride
Georgia Bar No. 469618
Sarah-Nell Walsh
Georgia Bar No. 141240
Monarch Plaza, Suite 1600
3414 Peachtree Road, N.E.
Atlanta, GA 30326
Phone: (404) 577-6000
Facsimile: (404) 221-6501
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

This will certify service of a copy of the foregoing **NOTICE OF REMOVAL** by the CM/ECF online filing system with the U.S. District Court for the Northern District of Georgia which will automatically send email notification to all counsel of record and by U.S. Mail upon the following:

R. Keegan Federal, Jr., Esq.
Keith S. Hasson, Esq.
Janet Litt, Esq.
Federal & Hasson, LLP
Two Ravinia Drive, Suite 1776
Atlanta, GA  30346
*Counsel for Plaintiff*

This 2nd day of November, 2012.

                                          **BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**


                                          /s/ Sarah-Nell Walsh
                                          *Attorney for Defendants*

Suite 1600, Monarch Plaza
3414 Peachtree Rd. NE
Atlanta, Georgia 30326
Ph. 404-577-6000
Fax 404-221-6501