# General Civil Case Filing Information Form (Non-Domestic)

**Court**
☐ Superior
☐ State

County _Fulton_

Docket # _2010CV193422_

Date Filed _11/15/10_
MM-DD-YYYY

**Plaintiff(s)** _Phillips, Jeffrey_

Last   First   Middle I.   Suffix Prefix   Maiden

Last   First   Middle I.   Suffix Prefix   Maiden

Last   First   Middle I.   Suffix Prefix   Maiden

Last   First   Middle I.   Suffix Prefix   Maiden

**No. of Plaintiffs** _____

**Plaintiff/Petitioner's Attorney**   ☐ Pro Se

Last   First   Middle I.   Suffix

Bar # _____

**Defendant(s)** _Ocwen Loan Servicing LLC_

Last   First   Middle I.   Suffix Prefix   Maiden

Last   First   Middle I.   Suffix Prefix   Maiden

Last   First   Middle I.   Suffix Prefix   Maiden

Last   First   Middle I.   Suffix Prefix   Maiden

**No. of Defendants** _____

FILED IN OFFICE
NOV 1 6 2010
G. Whitfield
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

## Check Primary Type (Check only ONE)

☐ Contract/Account

☐ Wills/Estate

☐ Real Property

☐ Dispossessory/Distress

☐ Personal Property

☐ Equity

☐ Habeas Corpus

☐ Appeals, Reviews

☐ Post Judgment Garnishment, Attachment, or Other Relief

☐ Non-Domestic Contempt

☐ Tort (If tort, fill in right column)

☑ Other General Civil Specify _____
_To remove cloud from title_

## If Tort is Case Type:
### (Check no more than TWO)

☐ Auto Accident

☐ Premises Liability

☐ Medical Malpractice

☐ Other Professional Negligence

☐ Product Liability

☐ Other Specify _____

**Are Punitive Damages Pleaded?** ☐ Yes ☐ No



EXHIBIT
1



IN THE SUPERIOR COURT OF FULTON CONTY

STATE OF GEORGIA

JEFFREY PHILLIPS                    )
Plaintiff                          )        CIVIL ACTION FILE NO.
                                   )        _____
                                   )
OCWEN LOAN SERVICING, LLC          )
Defendant                          )
                                   )

---

## PETITION TO REMOVE CLOUD FROM TITLE

---

JEFFREY PHILLIP, Plaintiff residing in Fulton County, Georgia, brings this

petition and shows:

1. Plaintiff is the lawful owner of, has title to, and is in possession of the

   property located at 728 Kennolia Drive, Atlanta, Georgia 30310, Parcel #

   014-017000702, property description:

   ALL THAT TRACT or parcel of land lying and being in Land Lot 171 of the 14TH
   District of Fulton County, Georgia being Lot 53 and Part of Lot 52, Property of
   R.M.. Kenney, as per plat recorded in Plat Book 20, Page 33, Fulton County,
   Georgia Records, and being more particularly described as follows:

   BEGINNING at point on the East side of Kennolia Drive, 469.4 feet North from
   the corner formed by the intersection of the East side of Kennolia Drive with
   the North side of Beecher Street; running thence North along the East side of
   Kennolia Drive 60 feet to a point and Lot 54 of said subdivision; running thence
   East along the South line of said Lot 54, 240 feet to a point; running thence
   South 60 feet to a point; running thence West 240 feet to a point on the East
   side of Kennolia Drive and the POINT OF BEGINNING; said property being
   known as 728 Kennolia Drive Atlanta, Georgia 30310, according to the present
   system of numbering in Fulton County, Georgia.

2. Security Deed, showing plaintiff's title, is attached marked exhibit "A".

7. It is not reasonable that OCWEN possess and rely upon a power of attorney in fact which refers to granting authority as specified after HOMEAMERICAN CREDIT, INC. D/B/A UPLAND MORTGAGE is no longer in business.

8. The aforementioned power of attorney was a forgery presented to the clerk of the Superior Court as a valid instrument.  Presenting a false instrument constitutes misrepresentation of a fraud as stated in **O.C.G.A. § 23-2-52.** "*Misrepresentation as legal fraud.  Misrepresentation of a material fact, made willfully to deceive or recklessly without knowledge and acted on by the opposite party or made innocently and mistakenly and acted on by the opposite party, constitutes legal fraud*".

9. On March 10, 2010, Laura Buxton for OCWEN Loan Servicing, LLC prepared an ASSIGNMENT OF DEED TO SECURE DEBT is attached marked exhibit "C".  The document alleges that it was made and entered into as of the 30th day of November, 2006.  This document was created in reliance to the aforementioned power of attorney which was a fraudulent document used to assist in the further fraud of assigning this property from a company that no longer legally existed to a company that was previously the servicer on an account that no longer existed either.

10. This ASSIGNMENT OF DEED TO SECURE DEBT was signed and dated March 10, 2010 by officers of OCWEN Loan Servicing, LLC: Scott Anderson: Executive Vice President of Loan Servicing, Christopher

2. Security Deed, showing plaintiff's title, is attached marked exhibit "A".

3. There appears of record in the deed book located in the office of the clerk of the superior court, Fulton County, Georgia, a certain security deed to said land, purporting to have been executed by plaintiff to HOMEAMERICAN CREDIT, INC. D/B/A UPLAND MORTGAGE which was organized under the laws of The Commonwealth of Pennsylvania, to secure a note for $86,400.00 dated December 7, 1998

4. Around April 20, 2005, Plaintiff received a letter from the lender Upland Mortgage stating that the servicer of the said loan would be OCWEN Loan Servicing, LLC, shortly thereafter, On May 11, 2005 Plainiff received a letter from OCWEN Loan Servicing, LLC introducing themselves as the new servicer for the loan  which was in place with UPLAND MORTGAGE.

5. In May 2005, Plaintiff learned that HOMEAMERICAN CREDIT, INC. D/B/A UPLAND MORTGAGE filed for bankruptcy chapter 7, protection against it's creditors and is currently not an active corporation.

6. On December 2, 2005, OCWEN Loan Servicing prepared a power of attorney which was filed in Deed Book 4167 page 343, Instrument no. 2005-0426501 is attached marked exhibit "B".  The instrument filed does not refer to Plaintiff's particular loan number or property address.  The papers filed along with the power of attorney refer to another property address located in Fulton County, Georgia.

Simmons: Manager of Investor Relations, witnessed by Jonathan Burgess and Laura Buxton and notarized by Carla Tinoco: Notary Public-State of Florida (Commission # DD912557, expires: July 30, 2013 Bonded thru Atlantic Bonding Co, Inc.

11. Said assignment was received and recorded by Clerk of the Superior Court, Fulton County Georgia on March 19, 2010 in Deed Book 48876 Pg 503.

12. In May 2010, a qualified written request was sent to OCWEN Loan Servicing, requesting a production of documents associated to the loan with HOMEAMERICAN CREDIT, INC. D/B/A UPLAND MORTGAGE. They responded by sending various documents including a copy of an ASSIGNMENT OF DEED TO SECURE DEBT.  Not realizing that the original document was already filed with the Clerk of the Court for Fulton County, the document provided was a forgery as it did not have the clerks filing stamp on the upper right hand corner, and was notarized by Elsie Ramirez: Notary Public-State of Florida (Commission # DD914835, Expires: August 9, 2013, Bonded thru Atlantic Bonding Co., Inc.) is attached marked exhibit "D".  This is yet another fraudulent document filed in order to misrepresent OCWEN Loan Servicing, LLC as being entitled to collect payments on behalf of alleged "Assignor".

13. OCWEN Loan Servicing, LLC has no privity of contract with the Plaintiff nor any claim to said property.   HOMEAMERICAN CREDIT, INC. D/B/A UPLAND MORTGAGE which was the note holder never ratified such

transaction with OCWEN Loan Servicing, LLC nor has anyone else for them been authorized to do so.

14. Plaintiff cannot immediately or effectually maintain or protect his rights by any other course or proceedings open to him other than the filing of this petition.

15. Said power of attorney and assignment of deed to secure debt operates to throw a cloud or suspicion upon Plaintiff's title to said land, and might be vexatiously or injuriously used against him.

16. The Plaintiff has been paying on this property now for more than twenty years and has found that none of his payments have decreased the principal at all.  The loan the Plaintiff had with HOMEAMERICAN CREDIT, INC. D/B/A UPLAND MORTGAGE was not an interest only loan.  OCWEN Loan Servicing, LLC has also been applying

17. By reason of said power of attorney and assignment of deed to secure debt upon the records of Fulton County, Plaintiff's credit is impaired and the loan value of his said land is destroyed, being unable to borrow money thereon as long as said purported encumbrance is of record thereon.

18. The Plaintiff has also been subjected to foreclosure proceedings which were executed fraudulently.  Since that time the Plaintiff has had to bear legal expenses and other associated damages.

Wherefore, plaintiff prays that

a) defendants be required by decree of the court to relinquish any claim or rights that they claim to said purported deed and a judgment be entered canceling the same as a cloud upon Plaintiff's title and that upon the final hearing of said case;

b) defendants be required to pay back to Plaintiff all monies collected after which time HOMEAMERICAN CREDIT, INC. D/B/A UPLAND MORTGAGE, the lender filed bankruptcy and no longer had a right or reason to service the loan on their behalf;

c) that Plaintiff be awarded specific damages in an amount to exceed $50,000 for fraud and misrepresentation;

d) that Plaintiff have such other and further relief as in law and equity he may be entitled to receive.

Respectfully Submitted,

Jeffrey Phillips
728 Kennolia Drive
Atlanta, Georgia 30310
404-781-3662



LOAN ID# 1045243

EXHIBIT

A

Borrower True Copy Of An Original Copy

[SPACE ABOVE THIS LINE FOR RECORDING DATA]

PARCEL #: 014-0171007027

LOAN ID# 1045243

Prepared By: Tracey White
HOMEAMERICAN CREDIT, INC. D/B/A UPLAND MORTGAGE
BALA POINTE OFFICE CENTER, 111 PRESIDENTIAL BOULEVARD, SUITE 142
BALA CYNWYD, PA 19004

# SECURITY DEED

THIS SECURITY DEED ("Security Instrument") is given on December 7, 1998. The Grantor is JEFFERY PHILLIPS ("Borrower"). This Security Instrument is given to HOMEAMERICAN CREDIT, INC. D/B/A UPLAND MORTGAGE which is organized and existing under the laws of THE COMMONWEALTH OF PENNSYLVANIA and whose address is BALA POINTE OFFICE CENTRE, 111 PRESIDENTIAL BOULEVARD, SUITE 142 BALA CYNWYD, PA 19004 ("Lender"). Borrower owes Lender the principal sum of Eighty Six Thousand Four Hundred  Dollars ( U.S. $86,400.00 ) .   This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on December 15, 2028.   This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby grant and convey to Lender and Lender's successors and assigns, with power of sale, the following described property located in FULTON  County, GEORGIA:

SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF

which has the address of:          729 KENYOLIA DR                 City of ATLANTA
                                                    [Street]                                              [City]
GEORGIA                                          30340
                                                    [Zip code]                        ("Property Address");

TO HAVE AND TO HOLD this property unto Lender and Lender's successors and assigns, forever, together with all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. Payment of Principal and Interest; Prepayment and Late Charges. Borrower shall promptly pay when due the principal of and interest on the debt evidenced by the Note and any prepayment and late charges due under the Note.

2. Funds for Taxes and Insurance. Subject to applicable law or to a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments are due under the Note, until the Note is paid in full, a sum ("Funds") for: (a) yearly taxes and assessments which may attain priority over this Security Instrument as a lien on the Property; (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard or Property insurance premiums; (d) yearly flood insurance premiums, if any; (e) yearly mortgage insurance premiums, if any; and (f) any sums payable by Borrower to Lender, in accordance with the provisions of paragraph 8, in lieu of the payment of mortgage insurance premiums. These items are called "Escrow Items." Lender may, at any time, collect and hold Funds in an amount not to exceed the maximum amount a Lender for a federally related mortgage loan may require for Borrower's escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. § 2601 et seq. ("RESPA"), unless another law that applies to the Funds sets

PKT GA 1.5 DOC

LOAN ID# 1045243

a lesser amount. If so, Lender may, at any time, collect and hold Funds in an amount not to exceed the lesser amount. Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law. The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is such an institution) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items. Lender may not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. However, Lender may require Borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise. Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender may agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds, showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for all sums secured by this Security Instrument.



If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to Borrower for the excess Funds in accordance with the requirements of applicable law. If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may so notify Borrower in writing, and, in such case, Borrower shall pay to Lender the amount necessary to make up the deficiency. Borrower shall make up the deficiency in no more than twelve monthly payments, at Lender's sole discretion. Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 21, Lender shall acquire or sell the Property, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

3. Application of Payments. Unless applicable law provides otherwise, all payments received by Lender under paragraphs 1 and 2 shall be applied: first, to any prepayment charges due under the Note; second, to amounts payable under paragraph 2; third, to interest due; fourth, to principal due; and last, to any late charges due under the Note.

4. Charges; Liens. Borrower shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Security Instrument, and leasehold payments or ground rents, if any. Borrower shall pay these obligations in the manner provided in paragraph 2, or if not paid in that manner, Borrower shall pay them on time directly to the person owed payment. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. If Borrower makes these payments directly, Borrower shall promptly furnish to Lender receipts evidencing the payments.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

5. Hazard or Property Insurance. Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage" and any other hazards, including floods or flooding, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's approval which shall not be unreasonably withheld. If Borrower fails to maintain coverage described above, Lender may, at Lender's option, obtain coverage to protect Lender's rights in the Property in accordance with paragraph 7.



All insurance policies and renewals shall be acceptable to Lender and shall include a standard mortgage clause. Lender shall have the right to hold the policies and renewals. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

Unless Lender and Borrower otherwise agree in writing, insurance proceeds shall be applied to restoration or repair of the Property damaged, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. If Borrower abandons the Property, or does not answer within 30 days a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may collect the insurance proceeds. Lender may use the proceeds to repair or restore the Property or to pay sums secured by this Security Instrument, whether or not then due. The 30-day period will begin when the notice is given.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of the payments. If under paragraph 21 the Property is acquired by Lender, Borrower's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Security Instrument immediately prior to the acquisition.

6. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds. Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate, or commit waste on the Property. Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in Lender's good faith judgment could result in forfeiture of the Property or otherwise materially impair the lien created by this Security Instrument or Lender's security interest. Borrower may cure such a default and reinstate, as provided in paragraph 18, by causing the action or proceeding to be dismissed with a ruling that, in Lender's good faith determination, precludes forfeiture of the Borrower's interest in the Property or other material impairment of the lien created by this Security Instrument or Lender's security interest. Borrower

LOAN ID# 1045243

shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**7. Protection of Lender's Rights in the Property.** If Borrower fails to perform the covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions may include paying any sums secured by a lien which has priority over this Security Instrument, appearing in court, paying reasonable attorneys' fees and entering on the Property to make repairs. Although Lender may take action under this paragraph 7, Lender does not have to do so.

Any amounts disbursed by Lender under this paragraph 7 shall become additional debt of Borrower secured by this Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

**8. Mortgage Insurance.** If Lender required mortgage insurance as a condition of making the loan secured by this Security Instrument, Borrower shall pay the premiums required to maintain the mortgage insurance in effect. If, for any reason, the mortgage insurance coverage required by Lender lapses or ceases to be in effect, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the mortgage insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the mortgage insurance previously in effect, from an alternate mortgage insurer approved by Lender. If substantially equivalent mortgage insurance coverage is not available, Borrower shall pay to Lender each month a sum equal to one-twelfth of the yearly mortgage insurance premium being paid by Borrower when the insurance coverage lapsed or ceased to be in effect. Lender will accept, use and retain these payments as a loss reserve in lieu of mortgage insurance. Loss reserve payments may no longer be required, at the option of Lender, if mortgage insurance coverage (in the amount and for the period that Lender requires) provided by an insurer approved by Lender again becomes available and is obtained. Borrower shall pay the premiums required to maintain mortgage insurance in effect, or to provide a loss reserve, until the requirement for mortgage insurance ends in accordance with any written agreement between Borrower and Lender or applicable law.

**9. Inspection.** Lender or its agent may make reasonable entries upon and inspections of the Property. Lender shall give Borrower notice at the time of or prior to an inspection specifying reasonable cause for the inspection.

**10. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender.

In the event of a total taking of the Property, the proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. In the event of a partial taking of the Property in which the fair market value of the Property immediately before the taking is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the taking, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the taking, divided by (b) the fair market value of the Property immediately before the taking. Any balance shall be paid to Borrower. In the event of a partial taking of the Property in which the fair market value of the Property immediately before the taking is less than the amount of the sums secured immediately before the taking, unless Borrower and Lender otherwise agree in writing or unless applicable law otherwise provides, the proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the condemnor offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the proceeds, at its option, either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of such payments.

**11. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 17. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**13. Loan Charges.** If the loan secured by this Security Instrument is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Note.

LOAN ID# 1045243

# NOTE

Borrower(s):   JEFFERY PHILLIPS

December 7, 1998                    MARIETTA,                    GA
[Date]                             [City]                       [State]

728 KENNOLIA DR, ATLANTA, City of ATLANTA, GA 30310
[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $96,400.00 (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is HOMEAMERICAN CREDIT, INC. D/B/A UPLAND MORTGAGE. I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly rate of 10.990%.

After any default described in Section 6(B) of this Note, I will pay interest at a yearly rate of 10.990% or such higher amount as may be permitted by applicable law. This default interest rate will continue after the Note Holder obtains a legal judgment against me..

## 3. PAYMENTS

(A) Time and Place of Payments
I will pay principal and interest by making payments every month.
I will make my monthly payments on the 15th day of each month beginning on January 15, 1999.
I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on December 15, 2028, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
I will make my monthly payments at BALA POINTE OFFICE CENTRE, 111 PRESIDENTIAL BOULEVARD, SUITE 240 BALA CYNWYD, PA 19004, or at a different place if required by the Note Holder.
(B) Amount of Monthly Payments
My monthly payment will be in the amount of U.S. $ 815.64.

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so.
The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.
If I make a full prepayment or a partial prepayment during the first 36 months of the term of the Note, I agree to pay a prepayment charge as follows: in the 1st month through the 12th month of the term of the Note, the prepayment charge will be 5.000% of the amount prepaid; in the 13th month through the 24th month of the term of the Note, the prepayment charge will be 4.000% of the amount prepaid; in the 25th month through the 36th month of the term of the Note, the prepayment charge will be 3.000% of the amount prepaid. At any time after the 36th month of the term of the Note, I may make a full prepayment or a partial prepayment without charge.

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

(A) Late Charge for Overdue Payments
If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 10.0% of my overdue payment of principal and interest or such higher amount as the Note Holder may choose to impose in accordance with applicable law. I will pay this late charge promptly but only once on each late payment.
(B) Default
If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.
(C) Notice of Default
If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 10 days after the date on which the notice is delivered or mailed to me.
(D) No Waiver By Note Holder
Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.
(E) Payment of Note Holder's Costs and Expenses
If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

DEC 27 1998 10:30 FR LAND BROKER          8009681556    917709531278    P.22/70

LOAN ID# 1045243

GEORGIA

GRANTOR:  JEFFERY PHILLIPS

LENDER: HOMEAMERICAN CREDIT, INC. D/B/A UPLAND MORTGAGE

DATE OF SECURITY DEED:  December 7, 1998

# WAIVER OF BORROWER'S RIGHTS

BY EXECUTION OF THIS PARAGRAPH, GRANTOR EXPRESSLY: (1) ACKNOWLEDGES THE RIGHT TO ACCELERATE THE DEBT AND THE POWER OF ATTORNEY GIVEN HEREIN TO LENDER TO SELL THE PREMISES BY NONJUDICIAL FORECLOSURE UPON DEFAULT BY GRANTOR WITHOUT ANY JUDICIAL HEARING AND WITHOUT ANY NOTICE OTHER THAN SUCH NOTICE AS IS REQUIRED TO BE GIVEN UNDER THE PROVISIONS HEREOF; THIS MEANS THAT MY FAILURE TO MEET EVERY CONDITION OF THE MORTGAGE LOAN MAY RESULT IN THE LOSS OF MY PROPERTY THROUGH FORECLOSURE; (2) WAIVES ANY AND ALL RIGHTS WHICH GRANTOR MAY HAVE UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES, THE VARIOUS PROVISIONS OF THE CONSTITUTION FOR THE SEVERAL STATES, OR BY REASON OF ANY OTHER APPLICABLE LAW, TO NOTICE AND TO JUDICIAL HEARING PRIOR TO THE EXERCISE BY LENDER OF ANY RIGHT OR REMEDY HEREIN PROVIDED TO LENDER, EXCEPT SUCH NOTICE AS IS SPECIFICALLY REQUIRED TO BE PROVIDED HEREOF; (3) ACKNOWLEDGES THAT GRANTOR HAS READ THIS DEED AND SPECIFICALLY THIS PARAGRAPH OF THIS DEED, AND ANY AND ALL QUESTIONS REGARDING THE LEGAL EFFECT OF SAID DEED AND ITS PROVISIONS HAVE BEEN EXPLAINED FULLY TO GRANTOR AND GRANTOR HAS BEEN AFFORDED AN OPPORTUNITY TO CONSULT WITH COUNSEL OF GRANTOR'S CHOICE PRIOR TO EXECUTING THIS DEED; (4) ACKNOWLEDGES THAT ALL WAIVERS OF THE AFORESAID RIGHTS OF GRANTOR HAVE BEEN MADE KNOWINGLY, INTENTIONALLY AND WILLINGLY BY GRANTOR AS PART OF A BARGAINED FOR LOAN TRANSACTION; AND (5) AGREES THAT THE PROVISIONS HEREOF ARE INCORPORATED INTO AND MADE A PART OF THE SECURITY DEED.

READ AND AGREED BY GRANTOR:

_____ (Seal)
JEFFERY PHILLIPS

_____ (Seal)

_____ (Seal)

_____ (Seal)

_____ (Seal)

_____ (Seal)

Signed, sealed and delivered in
the presence of the undersigned
the _____ day of _____, 1998

_____
Witness

_____
Notary Public

My Commission _____

Seal

608081558  TO  917769531278          P.19/78

LOAN ID# 1045343

**14. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any other address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**15. Governing Law; Severability.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**16. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**17. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**18. Borrower's Right to Reinstate.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earlier of: (a) 5 days (or such other period as applicable law may specify for reinstatement) before sale of the Property pursuant to any power of sale contained in this Security Instrument; or (b) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees; and (d) takes such action as Lender may reasonably require to assure that the lien of this Security Instrument, Lender's rights in the Property and Borrower's obligation to pay the sums secured by this Security Instrument shall continue unchanged. Upon reinstatement by Borrower, this Security Instrument and the obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under paragraph 17.

**19. Sale of Note; Change of Loan Servicer.** The Note or a partial interest in the Note (together with this Security Instrument) may be sold one or more times without prior notice to Borrower. A sale may result in a change in the entity (known as the "Loan Servicer") that collects monthly payments due under the Note and this Security Instrument. There also may be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change in accordance with paragraph 14 above and applicable law. The notice will state the name and address of the new Loan Servicer and the address to which payments should be made. The notice will also contain any other information required by applicable law.

**20. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 20, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 20, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety, or environmental protection.

**NON-UNIFORM COVENANTS.** Borrower and Lender further covenant and agree as follows:

**21. Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under paragraph 17 unless applicable law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender, at its option, may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale granted by Borrower and any other remedies permitted by applicable law. Borrower appoints Lender the agent and attorney-in-fact for Borrower to exercise the power of sale. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 21, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall give a copy of a notice of sale to Borrower in the manner provided in paragraph 14 and shall give notice of sale by public advertisement for the time and in the



LOAN ID# 1045243

manner prescribed by applicable law. Lender, without further demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Lender determines. Lender or its designee may purchase the Property at any sale.

Lender shall convey to the purchaser indefeasible title to the Property, and Borrower hereby appoints Lender Borrower's agent and attorney-in-fact to make such conveyance. The recitals in the Lender's deed shall be prima facie evidence of the truth of the statements made therein. Borrower covenants and agrees that Lender shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it. The power and agency granted are coupled with an interest, are irrevocable by death or otherwise and are cumulative to the remedies for collection of debt as provided by law.

If the Property is sold pursuant to this paragraph 21, Borrower, or any person holding possession of the Property through Borrower, shall immediately surrender possession of the Property to the purchaser at the sale. If possession is not surrendered, Borrower or such person shall be a tenant holding over and may be dispossessed in accordance with applicable law.

22. Release. Upon payment of all sums secured by this Security Instrument, Lender shall cancel this Security Instrument without charge to Borrower. Borrower shall pay any recordation costs.

23. Waiver of Homestead. Borrower waives all rights of homestead exemption in the Property.

24. Assumption not a Novation. Lender's acceptance of an assumption of the obligations of this Security Instrument and the Note, and any release of Borrower in connection therewith, shall not constitute a novation.

25. Security Deed. This conveyance is to be construed under the existing laws of the State of Georgia as a deed passing title, and not as a mortgage, and is intended to secure the payment of all sums secured hereby.

26. Riders to this Security Instrument. If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)]

☐ Adjustable Rate Rider          ☐ Condominium Rider              ☐ 1-4 Family Rider
☐ Graduated Payment Rider        ☐ Planned Unit Development Rider ☐ Biweekly Payment Rider
☐ Balloon Rider                  ☐ Rate Improvement Rider         ☐ Second Home Rider
☐ V A Rider                      ☒ Other(s) [specify] Waiver of Borrower's Rights and
                                   Attorney's Affidavit

LOAN ID# 1045243

BORROWER ACCEPTS AND AGREES to the terms and covenants contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it. IN WITNESS WHEREOF, Borrower has signed and sealed this Security Instrument.

Signed, sealed and delivered in the presence of:

_____          _____ (Seal)
Witness                                    JEFFREY PHILLIPS                -Borrower

_____          _____ (Seal)
Witness                                                                   -Borrower

                                         _____ (Seal)
                                                                          -Borrower

                                         _____ (Seal)
                                                                          -Borrower

                                         _____ (Seal)
                                                                          -Borrower

                                         _____ (Seal)
                                                                          -Borrower

_____
Notary Public,                           _____ County

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 171 of the 14th District of Fulton County, Georgia and being Lot 53 and Part of Lot 52, Property of R. M. Kenney, as per plat recorded at Plat Book 20, Page 33, Fulton County Records, and being more particularly described as follows:

BEGINNING at a point on the East side of Kennolia Drive, 469.4 feet North from the corner formed by the intersection of the East side of Kennolia Drive with the North side of Beecher Street; running thence North along the East side of Kennolia Drive 60 feet to a point and Lot 54 of said subdivision; running thence East along the South line of said Lot 54, 240 feet to a point; running thence South 60 feet to a point; running thence West 240 feet to a point on the East side of Kennolia Drive and the POINT OF BEGINNING; said property being known as 728 Kennolia Drive, Atlanta, Georgia 30310, according to the present system of numbering in Fulton County, Georgia.

1

Nm:JEFFP(1349052), Rq:245,1



Deed Book 41467 Pg  343
Filed and Recorded Dec-02-2005 01:28pm
2005-0426501
Juanita Hicks
Clerk of Superior Court
Fulton County, Georgia

Document Title:

## LIMITED POWER OF ATTORNEY

---

**WHEN RECORDED RETURN TO:**
**Financial Dimensions, INC.**
1400 Lebanon Church Road
Pittsburgh, PA 15236

OFB#   3 3 2 1 4 1

---

Grantor: *HomeAmerican Credit, Inc. D/B/A Upland Mortgage*

Grantee:    OCWEN LOAN SERVICING, LLC. ("OCWEN")

Nm:JEFFP(1349052), Rq:248.1

When Recorded Mail To:
Financial Dimensions, Inc.
1400 Lebanon Church Road
Pittsburgh, PA 15236

332141

Deed Book 41467 Pg 342
Filed and Recorded Dec-02-2005 01:28pm
2005-0426500
Juanita Hicks
Clerk of Superior Court
Fulton County, Georgia

## AFFIDAVIT FOR CANCELLATION OF SECURITY DEED

The indebtedness referred to in that certain deed to secure debt from JAMES P. PROELLER A/K/A JAMES T. PROELLER to HOMEAMERICAN CREDIT INC. DBA UPLAND MTG dated APRIL 20, 2002, in the amount of $ 52,600.00, and recorded on 5-3-02, in Deed Book 32322 at page 46 in the Office of the Clerk of Superior Court of FULTON County, Georgia, is paid in full and the undersigned being the present record holder and owner of such deed trust, does hereby cancel and forever discharge such indebtedness, and now **authorizes and directs** the Clerk of FULTON County, State of Georgia to cancel officially of record.

APN# : 14-0010-0004-002-2
PROPERTY ADDRESS: 1123 EDEN AVENUE SE, ATLANTA, GA
LEGAL DESCRIPTION :

**ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 10 OF THE 14TH DISTRICT OF FULTON COUNTY, GEORGIA, BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:  BEGINNING AT A POINT ON THE SOUTHWEST CORNER OF EDEN AVENUE AND GILBERT STREET AND THENCE RUNNING WEST ALONG THE SOUTH SIDE OF EDEN AVENUE FIFTY (50) FEET; THENCE SOUTH ONE HUNDRED FIFTY (150) FEET; THENCE EAST FIFTY (50) FEET TO GILBERT STREET; THENCE NORTH ALONG THE WEST SIDE OF GILBERT STREET ONE HUNDRED FIFTY (150) FEET TO THE POINT OF BEING.**

**Being that parcel of land conveyed to JAMES P. PROELLER A/K/A JAMES T. PROELLER from KELVIN LYNN COTHREN by that deed dated 06/15/1999 and recorded 06/22/1999 in deed book 27182, at page 145 of the FULTON County, GA Public Registry.**

In witness whereof, the undersigned has set his hand and seal on SEPTEMBER 27, 2005 .

Witnessed by:

_Lisa Jones_
LISA JONES

_Cheryl Hardy_
CHERYL HARDY

STATE OF FLORIDA
COUNTY OF PALM BEACH

HOMEAMERICAN CREDIT INC. DBA UPLAND MORTGAGE
By Its Attorney-in-Fact
Ocwen Loan Servicing, LLC

_Scott W. Anderson_
Scott W. Anderson
Senior Vice President

This instrument was acknowledged before me, the undersigned Notary Public on SEPTEMBER 27, 2005 , by Scott W. Anderson, a Senior Vice President of Ocwen Loan Servicing, LLC, Attorney-in-Fact for **HOMEAMERICAN CREDIT INC. DBA UPLAND MORTGAGE**, and that he as such Senior Vice President being authorized so to do, executed the foregoing instrument for the purposes therein contained, by signing the name of the bank by himself as a Senior Vice President.

Witness my Hand and Seal of Office on SEPTEMBER 27, 2005 .

_Notary Public_

Loan #: 34543967-1112 S
Investor Number: 2431
Prepared by: MABEL DSOUZA
Ocwen Loan Servicing, LLC
1661 Worthington Road, Suite 100,
West Palm Beach, Florida 33409
(561)682-8745

Johnie Miller
My Commission DD273765
Expires December 09, 2007

Nm:JEFFP(1349052), Rq:245,2

CFN # 105120665, OR BK 39932 PG 548, Page 2 of 2 **OR 0197 PAGE 1252**

Deed Book 41467 Pg 344
Juanita Hicks
Clerk of Superior Court
Fulton County, Georgia

POA #1846

## LIMITED POWER OF ATTORNEY

HOMEAMERICAN CREDIT, INC. D/B/A UPLAND MORTGAGE (hereinafter called "Owner") hereby appoints Ocwen Loan Servicing, LLC, (hereinafter called "Ocwen"), as its true and lawful attorney-in-fact to act in the name, place and stead of Prior Servicer for the purposes set forth below.

The said attorneys-in-fact, and each of them, are hereby authorized, and empowered, as follows:

1.       To execute, acknowledge, seal and deliver deed of trust/mortgage note endorsements, lost note affidavits, assignments of deed of trust/mortgage and other recorded documents, satisfactions/releases/reconveyances of deed of trust/mortgage, subordinations and modifications, tax authority notifications and declarations, deeds, bills of sale, and other instruments of sale, conveyance, and transfer, appropriately completed, with all ordinary or necessary endorsements, acknowledgments, affidavits, and supporting documents as may be necessary or appropriate to effect its execution, delivery, conveyance, recordation or filing.

2.       To execute and deliver insurance filings and claims, affidavits of debt, substitutions of trustee, substitutions of counsel, non-military affidavits, notices of recission, foreclosure deeds, transfer tax affidavits, affidavits of merit, verifications of complaints, notices to quit, bankruptcy declarations for the purpose of filing motions to lift stays, and other documents or notice filings on behalf of Owner in connection with insurance, foreclosure, bankruptcy and eviction actions.

3.       To endorse any checks or other instruments received by Ocwen and made payable to Owner.

4.       To pursue any deficiency, debt or other obligation, secured or unsecured, including but not limited to those arising from foreclosure or other sale, promissory note or check.  This power also authorizes Ocwen to collect, negotiate or otherwise settle any deficiency claim, including interest and attorney's fees; provided, however, that such amount does not extend to any claim or cause of action asserted against Owner and that Ocwen shall have no right, power or authority to compromise, pay or otherwise dispose of any such claim or cause of action on behalf of Owner.

5.       To do any other act or complete any other document that arises in the normal course of servicing

Dated: _May 5_, 2005.

HOMEAMERICAN CREDIT, INC.  D/B/A
UPLAND MORTGAGE

Witness:

Name: _____

Jeffrey M. Raben
Executive Vice President

Name: _____

State of _PA_ ), County of _PHILADELPHIA_ )

BEFORE ME, _JOSEPH MCCUTANC_, a Notary Public in and for the jurisdiction aforesaid, on this _5th_ day of _MAY_, 2005, personally appeared _JEFFREY M. RABEN_ who resides at _100 Floor SUMPEE LOOP PHILA PA_ and who is personally known to me (or sufficiently proven) to be a _EXECUTIVE VP_ of HomeAmerican Credit, Inc. d/b/a Upland Mortgage and the person who executed the foregoing instrument by virtue of the authority vested in him/her and he/she did acknowledge the signing of the foregoing instrument to be his/her free and voluntary act and deed as a _EXECUTIVE Vice President_ for the uses, purposes and consideration therein set forth.

Witness my hand and official seal this _5th_ day of _MAY_, 2005.

My Commission Expires: _____

NOTARY STAMP

Notarial Seal
Joseph Malabanan, Notary Public
Lower Marion Twp, Montgomery County
My Commission Expires Nov. 19, 2006
Member, Pennsylvania Association Of Notaries

**When Recorded Mail To:**
Financial Dimensions, Inc.
1400 Lebanon Church Road
Pittsburgh, PA 15236    332141



COUNTY COMMISSIONERS
CREATED
OCT. 1ST
1818

I hereby certify this document to be a true, correct and complete copy of the record filed in my office. Dated this _24rd_ day of _June_, 2005.

By _Alice V. Roach_

Deputy Clerk

Nm:JEFFP(1320248). Rq:168.1

After recording, please return to:
Weissman, Nowack, Curry & Wilco, P.C.
ATTN: Donna Fernkas, Default Services
One Alliance Center, 4th Floor, 3500 Lenox Rd.
Atlanta, Georgia 30326
WNCW File: 15151.2513



**EXHIBIT**

C

Deed Book 48876 Pg 503
Filed and Recorded Mar-19-2010 08:38am
2010-0155204
Cathelene Robinson
Clerk of Superior Court
Fulton County, Georgia

563439912142
Attorney Code: 24084

## ASSIGNMENT OF DEED TO SECURE DEBT
## GEORGIA

This **ASSIGNMENT OF DEED TO SECURE DEBT** is made and entered into as of the 30TH day of NOVEMBER, 2006, from HOMEAMERICAN CREDIT, INC. D/B/A UPLAND MORTGAGE, whose address is c/o Ocwen Loan Servicing, LLC, 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409 ("Assignor") to BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF CREDIT SUISSE SEASONED LOAN EQUITY PASS-THROUGH CERTIFICATES, SERIES 2006-1, whose address is C/O OCWEN LOAN SERVICING, LLC 1661 Worthington Road, Suite 100, West Palm Beach, FL. 33409 ("Assignee").

For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Assignor does by these presents hereby grant, bargain, sell, assign, transfer and set over unto the Assignee, its successors, transferees and assigns forever, all of the rights, title and interest of said Assignor in and to the following instruments describing land therein, duly recorded in the Office of the County Recorder of FULTON County, State of GEORGIA, as follows:

Grantor: JEFFERY PHILLIPS AND YVONNE PHILLIPS
Grantee: HOMEAMERICAN CREDIT INC D/B/A UPLAND MORTGAGE
Document Date: DECEMBER 7, 1998
Amount: $ 86,400.00
Date Recorded: DECEMBER 17, 1998
Book/Volume/Docket/Liber: 25899
Page/Folio: 259
Property Address: 728 KENNOLIA DR., CITY OF ATLANTA, GA
Together with any and all notes and obligations therein described or referred to, the debt respectively secured thereby and all sums of money due and to become due thereon, with interest thereon, and attorney's fees and all other charges. This Assignment is made without recourse.

DATED: MARCH 10, 2010

ATTESTED BY:

HOMEAMERICAN CREDIT, INC. D/B/A
UPLAND MORTGAGE
By its Attorney-in-Fact
Ocwen Loan Servicing, LLC

BY:
NAME: Scott Anderson
TITLE: Executive Vice President
of Residential Loan Servicing

NAME: Christopher Simmons
TITLE: Manager of Investor Relations

Witness:

(1)
Jonathan Burgess

Power of Attorney recorded on : DECEMBER 02, 2005
Book: 41467 Page: 343
Instrument no: 2005-0426501

(2)
Laila Biegford

STATE OF FLORIDA        )
                        )SS.
COUNTY OF PALM BEACH    )

The foregoing Instrument was acknowledged before me on this 10TH day of MARCH, 2010, by Scott Anderson, the Executive Vice President of Residential Loan Servicing, Ocwen Loan Servicing, LLC, A Limited Liability Company, Attorney-in-Fact For HOMEAMERICAN CREDIT, INC. D/B/A UPLAND MORTGAGE on behalf of the company. He is personally known to me.

Notary Public

Prepared By: Laura Buxton
Ocwen Loan Servicing, LLC
1661 Worthington Road, Suite 100
West Palm Beach, FL 33409
Phone Number: 561-682-8835

NOTARY PUBLIC STATE OF FLORIDA
Carla Tinoco
Commission #DD912557
Expires: JULY 30, 2013
BONDED THRU ATLANTIC BONDING CO., INC.

09/17/2010   18:06   4042071584   WEPS   PAGE   02/10

P.01/01

**EXHIBIT**

**D**

exhibit

rdation Requested by:
wen Loan Servicing, LLC
1661 Worthington Road, Suite 100
West Palm Beach, FL 32409

583428912142
Attorney Code: 24084

**ASSIGNMENT OF DEED TO SECURE DEBT**
**GEORGIA**

This ASSIGNMENT OF DEED TO SECURE DEBT is made and entered into as of the 30TH day of NOVEMBER, 2009, from HOMEAMERICAN CREDIT, INC. D/B/A UPLAND MORTGAGE, whose address is c/o Ocwen Loan Servicing, LLC, 1661 Worthington Road, Suite 100, West Palm Beach, FL 32409 ("Assignor") to BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF CREDIT SUISSE SEASONED LOAN TRUST 2006-1, HOME EQUITY PASS-THROUGH CERTIFICATES, SERIES 2006-1, whose address is C/O OCWEN LOAN SERVICING, LLC 1661 Worthington Road, Suite 100, West Palm Beach, FL 32409 ("Assignee").

For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Assignor does by these presents hereby grant, bargain, sell, assign, transfer and set over unto the Assignee, its successors, transferees and assigns forever, all of the rights, title and interest of said Assignor in and to the following instruments describing land therein, duly recorded in the Office of the County Recorder of FULTON County, State of GEORGIA, as follows:

Grantor: JEFFERY PHILLIPS AND YVONNE PHILLIPS
Grantee: HOMEAMERICAN CREDIT INC D/B/A UPLAND MORTGAGE
Document Date: DECEMBER 7, 1998
Amount: $ 98,400.00
Date Recorded: DECEMBER 17, 1998
Book/Volume/Section/Liber: 25699
Page/Folio: 299
Property Address: 728 KENNOLIA DR., CITY OF ATLANTA, GA

Together with any and all notes and obligations therein described or referred to, the debt respectively secured thereby and all sums of money due and to become due thereon, with interest thereon, and attorney's fees and all other charges. This Assignment is made without recourse.

DATED: MARCH 10, 2010

ATTESTED BY:

HOMEAMERICAN CREDIT, INC. D/B/A
UPLAND MORTGAGE
By its Attorney-In-Fact
Ocwen Loan Servicing, LLC

NAME: Christopher Simmons
TITLE: Manager of Investor Relations

BY:
NAME: Scott Anderson
TITLE: Executive Vice President
of Residential Loan Servicing

Witness:

(1) _____

Power of Attorney recorded on : DECEMBER 02, 2005
Book: 41467 Page: 343
Instrument no: 2005-0438991

STATE OF FLORIDA        )
                        )SS.
COUNTY OF PALM BEACH    )

(2) _____

The foregoing instrument was acknowledged before me on this 10TH day of MARCH, 2010, by Scott Anderson, the Executive Vice President of Residential Loan Servicing, Ocwen Loan Servicing, LLC, A Limited Liability Company, Attorney-In-Fact For HOMEAMERICAN CREDIT, INC., D/B/A UPLAND MORTGAGE on behalf of the company. He is personally known to me.



Notary Public

Prepared By: Laura Buxton
Ocwen Loan Servicing, LLC
1661 Worthington Road, Suite 100
West Palm Beach, FL 32409
Phone Number: 561-682-8835

TOTAL P.01

Record___ 30103     Case Number: 2010CV193422 FULTON SUPERIOR

Record ID 30103

Date Received:   11/23/2010      Time:

STATE OF GEORGIA
GWINNETT COUNTY

Special Service Inst:

**ATTORNEY'S ADDRESS**

JEFFREY PHILLIPS
PLAINTIFF

JEFFREY PHILLIPS
728 KENNOLIA DRIVE

ATLANTA GA  30310

ED IN OFFICE

MAR - 8 2011

Y CLERK SUPERIOR COURT
FULTON COUNTY, GA.

VS.

OCWEN LOAN SERVICING, LLC
DEFENDANT

2010 NOV 23 A 8: 52

CIVIL DIV.
G.C.S.O.

RECEIVED

**NAME AND ADDRESS OF PARTY TO BE SERVED**

OCWEN LOAN SERVICING, LLC
C/O CORPORATION SERVICE COMPANY
40 TECHNOLOGY PKWY S STE 300
NORCROSS   GA   30092

---

### SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐     Sex____   Skin Color_____   Hair Color_____   Age____   Hgt____   Wgt____

I have this day served the defendant_____ personally with a copy
of the within action and summons.

---

**NOTORIOUS** ☐

I have this day served the defendant _____
a copy of the action and summons at his most notorious place of abode in this County.      by leaving

Delivered same into hands of _____ described as follows

SEX               SKIN COLOR              HAIR COLOR              AGE          HGT          WGT

---

**CORPORATION** ☒

I have this day served the  *Ocwen Loan Servicing*                         a corporation
by leaving a copy of the within action and summons with  *Sara Chen, RA*
in charge of the office and place of doing business of said Corporation in this County.

---

**TACK AND NAIL** ☐

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to
the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true
copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the
address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to
answer said summons at the place stated in the summons.

---

**NON EST** ☐

Deligent search made and defendant _____
not to be found in the jurisdiction of this Court.

---

**SPECIAL PROCESS**

PETITION

---

**COMMENTS**

---

Subscribed and sworn to before me this
24 day of Nov 2010

Notary Public in and for said County and State

Date: 10/24/10

Time:

APRIL
11
2011

Deputy Sheriff   SH

SHERIFF DOCKET _____   PAGE _____

GWINNETT COUNTY, GEORGIA





FILED IN OFFICE

JAN 25 2011

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

IN THE SUPERIOR COURT OF FULTON CONTY

STATE OF GEORGIA

JEFFREY PHILLIPS )
Plaintiff )          CIVIL ACTION FILE NO.
)               2010CV193422
v. )
)
OCWEN LOAN SERVICING, LLC )
Defendant )
)

## MOTION FOR DEFAULT JUDGMENT

COMES NOW, JEFFREY PHILLIPS, Plaintiff in the ongoing case and files

this Motion to Dismiss and shows the following:

1. A complaint was filed against the Defendant, OCWEN LOAN SERVICING,

    LLC for the above referenced case.

2. On November 24, 2010, the Defendant was served by the Gwinnett

    County Sheriff Department.  See Exhibit "A".

3. On December 30, 2010, the Defendant filed an answer to the above

    referenced complaint.

4. Pursuant to § 9-11-12.  **Answer, defenses, and objections:**

    (a)  A defendant shall serve his answer within 30 days after the service of

    the summons and complaint upon him, unless otherwise provided by

    statute. A cross-claim or counterclaim shall not require an answer, unless

    one is required by order of the court, and shall automatically stand denied.

5. The answer submitted by the Defendant were done so after the cut off

    period of 30 days from the time of service.

Wherefore, plaintiff prays that

a) A default judgment be entered against the Defendant;

b)   Plaintiff have such other and further relief as in law and equity he may be entitled to receive.

Respectfully Submitted,

Jeffrey Phillips
728 Kennolia Drive
Atlanta, Georgia 30310
404-781-3662

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that I have this day served the foregoing *Motion for*

*Default Judgment* upon the Defendant by placing a true and correct copy of

same in the United States Mail, with adequate postage thereon, addressed as

follows:

~~Scott B. Kupperburg~~ Laura S. Morris
Wiessman, Nowack, Curry & Wilco, PC
One Alliance Center, 4th Floor
3500 Lenox Road
Atlanta, GA 30326

This 28th day of December, 2010.

Respectfully Submitted,

Jeffrey Phillips, Pro Se'

Jeffrey Phillips
728 Kennolia Drive
Atlanta, Georgia 30310
404-781-3662



# IN THE SUPERIOR COURT OF FULTON COUNTY

## STATE OF GEORGIA

**FILED IN OFFICE**
DEC 30 2010
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

| | |
|---|---|
| JEFFREY PHILLIPS, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **CIVIL ACTON FILE** |
| | ) **NO. 2010CV193422** |
| | ) |
| OCWEN LOAN SERVICING, LLC, | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## ANSWER AND AFFIRMATIVE DEFENSES OF OCWEN LOANS SERVICING, LLC

Ocwen Loan Servicing, LLC ("Ocwen") responds to Plaintiff's Petition to Remove Cloud from Title ("Complaint"), showing the Court as follows:

### FIRST DEFENSE

The Complaint should be dismissed to the extent it fails to state a claim against Ocwen upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred by his failure to abide by the underlying mortgage loan documents.

### THIRD DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitations.

## FOURTH DEFENSE

Plaintiff's claims are barred by his failure to tender payment.

## FIFTH DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel and laches.

## SIXTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## SEVENTH DEFENSE

Plaintiff's claims are barred by his failure to plead fraud with sufficient specificity.

## EIGHTH DEFENSE

Plaintiff has failed to name necessary parties.

## NINTH DEFENSE

Ocwen reserves the right to amend its Answer to the Complaint to assert such additional defenses as may become apparent during the continuing course of discovery in this matter.

## TENTH DEFENSE

By way of further defense, Ocwen responds to the numbered paragraphs of Plaintiff's Complaint as follows:

## PRELIMINARY STATEMENT

Ocwen states that its Answer and Affirmative Defenses are timely filed. Pursuant to O.C.G.A. § 9-11-4(h), when a Sheriff's Entry of Service is not filed with the Clerk of the Court within five (5) days of service, the time for defendant to file an answer does not begin to run until the Entry of Service is filed. To date, an Entry of Service has not been filed with the Clerk of the Court.

1.

Ocwen lacks sufficient information to admit or deny the allegations set forth in Paragraph 1 of Plaintiff's Complaint, except to admit that the property description matches the referenced address.

2.

Ocwen admits that a portion of a security deed encumbering the Subject Property is attached as Exhibit "A" to the Complaint. Ocwen denies that the security deed shows "plaintiff's title" to the Subject Property. Ocwen denies all other allegations set forth in Paragraph 2 of Plaintiff's Complaint.

3.

Ocwen lacks sufficient information to admit or deny the allegations set forth in Paragraph 3 of Plaintiff's Complaint.

4.

Ocwen lacks sufficient information to admit or deny the allegations set forth in Paragraph 4 of Plaintiff's Complaint, except to admit that Ocwen is the servicer of the mortgage encumbering the Subject Property.

5.

Ocwen lacks sufficient information to admit or deny the allegations set forth in Paragraph 5 of Plaintiff's Complaint.

6.

Ocwen admits the allegations set forth in Paragraph 6 of Plaintiff's Complaint.

7.

Ocwen denies the allegations set forth in Paragraph 7 of Plaintiff's Complaint.

8.

Ocwen denies the allegations set forth in Paragraph 8 of Plaintiff's Complaint, except to state that the referenced statute can speak for itself.

9.

Ocwen admits that on March 10, 2010, an Assignment of Deed to Secure Debt was executed by Ocwen Loan Servicing, LLC, via the authority granted by the Power of Attorney recorded in Deed Book 41467, Page 343 of the Fulton

County, Georgia land records. Ocwen states that Laura Buxton is a witness on the Assignment of Deed to Secure Debt, but lacks sufficient information to admit or deny that the Assignment was prepared by Laura Buxton. Ocwen admits that an Assignment of Deed to Secure Debt is attached as Exhibit "C" to Plaintiff's Complaint. Ocwen denies all other allegations set forth in Paragraph 9 of Plaintiff's Complaint.

10.

Ocwen admits the allegations set forth in Paragraph 10 of Plaintiff's Complaint.

11.

Ocwen admits that the Assignment was recorded by the Clerk of Superior Court for Fulton County, Georgia on March 19, 2010, but lacks sufficient information to admit or deny the remaining allegations in Paragraph 11 of Plaintiff's Complaint.

12.

Ocwen denies the allegations set forth in Paragraph 12 of Plaintiff's Complaint. Ocwen further states that the document attached as Exhibit "D" appears to be an exact copy of the Assignment attached as Exhibit "C" except that it is an unrecorded photocopy.

13.

Ocwen denies the allegations set forth in Paragraph 13 of Plaintiff's Complaint, except to state that Ocwen does not claim an interest in the Subject Property in its own right, but is acting as the servicer of the Security Deed, Note and underlying loan for the current owner of the Security Deed and Note.

14.

Ocwen denies the allegations set forth in Paragraph 14 of Plaintiff's Complaint.

15.

Ocwen denies the allegations set forth in Paragraph 15 of Plaintiff's Complaint.

16.

Ocwen denies the allegations set forth in Paragraph 16 of Plaintiff's Complaint.

17.

Ocwen denies the allegations set forth in Paragraph 17 of Plaintiff's Complaint.

18.

Ocwen denies the allegations set forth in Paragraph 18 of Plaintiff's Complaint. Ocwen further states that Plaintiff files this Petition pro se.

## ELEVENTH DEFENSE

Plaintiff is not entitled to relief for any reason asserted in any count or any portion of his Petition.

## TWELFTH DEFENSE

Any allegation not previously admitted, denied or otherwise controverted, is hereby denied.

## THIRTEENTH DEFENSE

Ocwen denies the requests for relief in the Plaintiff's Petition, denies that Plaintiff is entitled to equitable or injunctive relief, or is indebted to the Plaintiff and respectfully requests that the Court discharge it with all costs of court.

Respectfully submitted, this 29th day of December, 2010.

WEISSMAN, NOWACK, CURRY & WILCO, PC

Scott B. Kuperberg
Georgia State Bar No. 430441
*Attorneys for Defendant*
*Ocwen Loan Servicing, LLC*

One Alliance Center, 4th Floor
3500 Lenox Road
Atlanta, Georgia 30326
Tel: (404) 926-4500
Fax: (404) 926-4600
scottkuperberg@wncwlaw.com

# IN THE SUPERIOR COURT OF FULTON COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| **JEFFREY PHILLIPS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTON FILE** |
| | ) | **NO. 1:10-CV-3133** |
| | ) | |
| **OCWEN LOAN SERVICING, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I certify that I have this day served a true and correct copy of the **ANSWER AND AFFIRMATIVE DEFENSES** to the opposing parties in this matter by depositing a copy of the same into the United States mail with adequate postage thereon to ensure delivery, addressed as follows:

Jeffrey Phillips
728 Kennolia Drive
Atlanta, Georgia 30310

This _29th_ day of December, 2010.

_____
Scott B. Kuperberg
Ga. State Bar No.: 430441
*Attorneys for Ocwen Loan Servicing, LLC*

WEISSMAN, NOWACK, CURRY & WILCO, P.C.
One Alliance Center, 4th Floor
3500 Lenox Road
Atlanta, Georgia 30326
Tel: (404) 926-4500
Fax: (404)926-4600

## IN THE SUPERIOR COURT OF FULTON COUNTY

### STATE OF GEORGIA

JEFFREY PHILLIPS,                    )
                                     )
      **Plaintiff,**              )
                                     )
v.                                   )     **CIVIL ACTON FILE**
                                     )     **NO. 2010CV193422**
                                     )
OCWEN LOAN SERVICING, LLC,           )
                                     )
      **Defendant.**             )
_____      )

FILED IN OFFICE
JAN 1 3 2011
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

## AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF OCWEN LOANS SERVICING, LLC

Comes Now Defendant, Ocwen Loan Servicing, LLC ("Ocwen"), and pursuant to O.C.G.A. § 9-11-55(a) pays the cost to open any default as a matter of right and responds to Plaintiff's Petition to Remove Cloud from Title ("Complaint"), showing the Court as follows:

### FIRST DEFENSE

The Complaint should be dismissed to the extent it fails to state a claim against Ocwen upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred by his failure to abide by the underlying mortgage loan documents.

## THIRD DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitations.

## FOURTH DEFENSE

Plaintiff's claims are barred by his failure to tender payment.

## FIFTH DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel and laches.

## SIXTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## SEVENTH DEFENSE

Plaintiff's claims are barred by his failure to plead fraud with sufficient specificity.

## EIGHTH DEFENSE

Plaintiff has failed to name necessary parties.

## NINTH DEFENSE

Ocwen reserves the right to amend its Answer to the Complaint to assert such additional defenses as may become apparent during the continuing course of discovery in this matter.

## TENTH DEFENSE

By way of further defense, Ocwen responds to the numbered paragraphs of Plaintiff's Complaint as follows:

## PRELIMINARY STATEMENT

Ocwen states that its Answer and Affirmative Defenses are timely filed. Pursuant to O.C.G.A. § 9-11-4(h), when a Sheriff's Entry of Service is not filed with the Clerk of the Court within five (5) days of service, the time for defendant to file an answer does not begin to run until the Entry of Service is filed. To date, an Entry of Service has not been filed with the Clerk of the Court.

Additionally, and as stated in the previous paragraph, Defendant's Answer and Affirmative Defenses are timely filed. Nevertheless, out of an abundance of caution, Defendant herein timely amends its Answer and Affirmative Defenses and pays the costs to open any default as a matter of right.

1.

Ocwen lacks sufficient information to admit or deny the allegations set forth in Paragraph 1 of Plaintiff's Complaint, except to admit that the property description matches the referenced address.

2.

Ocwen admits that a portion of a security deed encumbering the Subject Property is attached as Exhibit "A" to the Complaint. Ocwen denies that the security deed shows "plaintiff's title" to the Subject Property. Ocwen denies all other allegations set forth in Paragraph 2 of Plaintiff's Complaint.

3.

Ocwen lacks sufficient information to admit or deny the allegations set forth in Paragraph 3 of Plaintiff's Complaint.

4.

Ocwen lacks sufficient information to admit or deny the allegations set forth in Paragraph 4 of Plaintiff's Complaint, except to admit that Ocwen is the servicer of the mortgage encumbering the Subject Property.

5.

Ocwen lacks sufficient information to admit or deny the allegations set forth in Paragraph 5 of Plaintiff's Complaint.

6.

Ocwen admits the allegations set forth in Paragraph 6 of Plaintiff's Complaint.

7.

Ocwen denies the allegations set forth in Paragraph 7 of Plaintiff's Complaint.

8.

Ocwen denies the allegations set forth in Paragraph 8 of Plaintiff's Complaint, except to state that the referenced statute can speak for itself.

9.

Ocwen admits that on March 10, 2010, an Assignment of Deed to Secure Debt was executed by Ocwen Loan Servicing, LLC, via the authority granted by the Power of Attorney recorded in Deed Book 41467, Page 343 of the Fulton County, Georgia land records. Ocwen states that Laura Buxton is a witness on the Assignment of Deed to Secure Debt, but lacks sufficient information to admit or deny that the Assignment was prepared by Laura Buxton. Ocwen admits that an Assignment of Deed to Secure Debt is attached as Exhibit "C" to Plaintiff's Complaint. Ocwen denies all other allegations set forth in Paragraph 9 of Plaintiff's Complaint.

10.

Ocwen admits the allegations set forth in Paragraph 10 of Plaintiff's Complaint.

11.

Ocwen admits that the Assignment was recorded by the Clerk of Superior Court for Fulton County, Georgia on March 19, 2010, but lacks sufficient information to admit or deny the remaining allegations in Paragraph 11 of Plaintiff's Complaint.

12.

Ocwen denies the allegations set forth in Paragraph 12 of Plaintiff's Complaint. Ocwen further states that the document attached as Exhibit "D" appears to be an exact copy of the Assignment attached as Exhibit "C" except that it is an unrecorded photocopy.

13.

Ocwen denies the allegations set forth in Paragraph 13 of Plaintiff's Complaint, except to state that Ocwen does not claim an interest in the Subject Property in its own right, but is acting as the servicer of the Security Deed, Note and underlying loan for the current owner of the Security Deed and Note.

14.

Ocwen denies the allegations set forth in Paragraph 14 of Plaintiff's Complaint.

15.

Ocwen denies the allegations set forth in Paragraph 15 of Plaintiff's Complaint.

16.

Ocwen denies the allegations set forth in Paragraph 16 of Plaintiff's Complaint.

17.

Ocwen denies the allegations set forth in Paragraph 17 of Plaintiff's Complaint.

18.

Ocwen denies the allegations set forth in Paragraph 18 of Plaintiff's Complaint. Ocwen further states that Plaintiff files this Petition pro se.

## ELEVENTH DEFENSE

Plaintiff is not entitled to relief for any reason asserted in any count or any portion of his Petition.

## TWELFTH DEFENSE

Any allegation not previously admitted, denied or otherwise controverted, is hereby denied.

## THIRTEENTH DEFENSE

Ocwen denies the requests for relief in the Plaintiff's Petition, denies that Plaintiff is entitled to equitable or injunctive relief, or is indebted to the Plaintiff and respectfully requests that the Court discharge it with all costs of court.

Respectfully submitted, this 13th day of January, 2011.

WEISSMAN, NOWACK, CURRY & WILCO, PC


Laura S. Morris
Georgia State Bar No. 638603
*Attorneys for Defendant*
*Ocwen Loan Servicing, LLC*

One Alliance Center, 4th Floor
3500 Lenox Road
Atlanta, Georgia 30326
Tel: (404) 926-4500
Fax: (404) 926-4600
lauramorris@wncwlaw.com

## CERTIFICATE OF SERVICE

I certify that I have this day served a true and correct copy of the

**AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF OCWEN**

**LOANS SERVICING, LLC** to the opposing parties in this matter by depositing a

copy of the same into the United States mail with adequate postage thereon to

ensure delivery, addressed as follows:

Jeffrey Phillips, *Pro Se*
728 Kennolia Drive
Atlanta, Georgia 30310

This 13th day of January, 2011.

Laura S. Morris
Ga. State Bar No.: 638603
*Attorneys for Ocwen Loan Servicing, LLC*

WEISSMAN, NOWACK, CURRY & WILCO, P.C.
One Alliance Center, 4th Floor
3500 Lenox Road
Atlanta, Georgia  30326
Tel: (404) 926-4500
Fax: (404)926-4600

# IN THE SUPERIOR COURT OF FULTON COUNTY

## STATE OF GEORGIA

JEFFREY PHILLIPS,      )
            )
     Plaintiff,     )
            )
v.             )
            )
OCWEN LOAN SERVICING, LLC,  )
            )
     Defendants.   )
_____ )

**CIVIL ACTON FILE
NO. 2010CV193422**

FILED IN OFFICE

JAN 1 3 2011

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

## DEFENDANT'S NOTICE OF SUBSTITUTION OF COUNSEL

Please substitute Laura S. Morris of the law firm of Weissman, Nowack, Curry & Wilco,
P.C. as counsel for Defendant, Ocwen Loan Servicing, LLC, in this case.

Substitute counsel's address, phone number and bar numbers are as follows:

Laura S. Morris
Georgia Bar No. 638603
Weissman, Nowack, Curry & Wilco, P.C.
One Alliance Center – 4th Floor
3500 Lenox Road
Atlanta, GA  30326
404-926-4500
404-926-4600 (facsimile)

All future pleadings, orders and notices should be sent to substitute counsel.

[Signatures Follow on Next Page]

This 13th day of January, 2011.

Weissman, Nowack, Curry & Wilco, P.C.

Laura S. Morris
Georgia Bar No. 638603
Attorneys for Defendant

One Alliance Center. 4th Floor
3500 Lenox Road
Atlanta, Georgia 30326
(404) 926-4500

## CERTIFICATE OF SERVICE

This is to certify that I have this date served a true and accurate copy of the within and foregoing **DEFENDANT'S NOTICE OF SUBSTITUTION OF COUNSEL** by depositing same in the U.S. Mail in a properly addressed envelope with sufficient postage thereon to insure delivery to all counsel of record at the following address:

Jeffrey Phillips, *Pro Se*
728 Kennolia Drive
Atlanta, Georgia 30310

This 13th day of January, 2011.

Laura S. Morris
Georgia Bar No. 638603

Weissman, Nowack, Curry & Wilco, P.C.
One Alliance Center, 4th Floor
3500 Lenox Road
Atlanta, Georgia 30326
(404) 926-4500

893486v1/15151.2513

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

FILED IN OFFICE
FEB 18 2011
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

| | |
|---|---|
| JEFFREY PHILLIPS, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| OCWEN LOAN SERVICING, LLC, | * |
| | * |
| Defendant. | * |

CIVIL ACTION
FILE NO. 2010CV193422

## NOTICE OF STATUS / SCHEDULING CONFERENCE

The Court will conduct a status / scheduling conference on **March 7, 2011 at 10:45 a.m.** in Courtroom 5C of the Fulton County Justice Center Tower wherein it will hear reports regarding the current status of the case and set deadlines that will govern the future progress of this matter.

Failure by the Plaintiff to appear may result in a dismissal of this action. Failure by the Defendant to appear may result in a judgment in favor of Plaintiff.

SO ORDERED this ____ day of February, 2011.

Henry M. Newkirk
Superior Court of Fulton County
Atlanta Judicial Circuit

Mr. Jeffrey Phillips
728 Kennolia Drive
Atlanta, Georgia 30310

Laura S. Morris, Esq.
WEISSMAN, NOWACK, CURRY & WILCO, PC
lauramorris@wncwlaw.com

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

JEFFREY PHILLIPS,                )
                                 )
            Plaintiff,           )
                                 )
v.                               )
                                 )
                                 )
OCWEN LOAN SERVICING, LLC,       )
                                 )
            Defendants.          )
                                 )

FILED IN OFFICE

FEB 2 8 2011

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

CIVIL ACTON FILE
NO. 2010CV193422

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Comes Now Defendant, Ocwen Loan Servicing, LLC ("Ocwen"), and responds to Plaintiff's Motion for Default Judgment. Defendant respectfully requests that Plaintiff's motion be denied.

### Defendant's Answer to Plaintiff's Complaint Was Timely Filed, and Plaintiff's Motion for Default Judgment Should Be Denied.

#### A.

As provided by O.C.G.A. § 9-11-12 (a), "[a] defendant shall serve his answer within 30 days after the service of the summons and complaint upon him, unless otherwise provided by statute." (emphasis added).   According to the Sheriff's Entry of Service that was attached to Plaintiff's Motion for Default Judgment, Defendant was served on November 24, 2010. Pursuant to O.C.G.A. § 9-11-4(h), however, when a Sheriff's Entry of Service is not filed with the Clerk of the Court within five (5) business days of service, the time for defendant to file an answer does not begin to run until the Entry of Service is filed. To date, no Entry of Service has been filed with the Clerk of the Court. In the instant case, the Plaintiff failed to file the Sheriff's Entry of

Service, and thus the 30-day period for Defendant to answer the complaint has not begun. Thus, Defendant's original answer, which was filed on December 30, 2010, was not untimely. Defendant is not in default.

**B.**

Defendant denies that it was in default. Nevertheless, even if it were in default, pursuant to O.C.G.A. § 9-11-55 (a), Defendant opened default as a matter of right. Specifically, O.C.G.A. § 9-11-55 (a) provides: "The default may be opened as a matter of right by the filing of such defenses within 15 days of the day of default, upon the payment of costs."  In this case, according to the Plaintiff, service occurred on November 24, 2010, and an answer would be due on December 24, 2010. Since the Court was closed on December 24 for the Christmas holiday, the answer would have been due on the next business day, which was December 27, 2010. Pursuant to O.C.G.A. § 9-11-55 (a), Defendant could open default by payment of costs and filing an answer within 15 days after December 27, 2010, or January 11, 2011. Because of inclement weather conditions, the Fulton County Superior Court was closed from January 10, 2011 – January 12, 2011. It reopened on January 13, 2011. Defendant filed its amended answer and paid court costs on January 13, 2011. The amended answer and Clerk's Note regarding payment of costs are recorded in the Clerk's records. Additionally, attached hereto as Exhibit "A" is a true and accurate copy of the Defendant's receipt for payment of costs. Any default, and Defendant denies that there was a default, was opened as a matter of right.

**<u>CONCLUSION</u>**

Defendant's answer is not in default. The Plaintiff failed to file the Sheriff's Entry of Service. As a result, the time for Defendant to answer has not begun to accrue. Moreover, even if Defendant's answer were in default, pursuant to O.C.G.A. § 9-11-55 (a), Defendant paid costs

and filed an answer within 15 days after the default. Thus, any default was opened as a matter of law.

Wherefore, Defendant respectfully requests that the Court deny Plaintiff's Motion for Default Judgment as a matter of law.

Respectfully submitted, this 28th day of February, 2011.

WEISSMAN, NOWACK, CURRY & WILCO, PC

Laura S. Morris
Georgia State Bar No. 638603
*Attorneys for Defendant*
*Ocwen Loan Servicing, LLC*

One Alliance Center, 4th Floor
3500 Lenox Road
Atlanta, Georgia 30326
Tel: (404) 926-4500
Fax: (404) 926-4600
lauramorris@wncwlaw.com

0§d

0☺
Cathelene Robinson
Clerk of Superior Court
Fulton County, Georgia

JEFFREY PHILLIPS
vs.
OCWEN LOAN SERVICING, LLC

Comment:
165146

Case #   2010CV193422

OPEN DEFAULT                          213.50
----------------------------------------
Total Chgs  :                      $213.50
Total Paid  : (Check)              $213.50

Paid by:
Weissman & Nowack

Receipt#       :  184229
Date Received:  01/13/2011
Time Printed  :  04:00pm
Issued by     :  SPTLSMI from CVCM

        --------------------------



## CERTIFICATE OF SERVICE

I certify that I have this day served a true and correct copy of the

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT**

**JUDGMENT** to the opposing parties in this matter by depositing a copy of the same into

the United States mail with adequate postage thereon to ensure delivery, addressed as

follows:

> Jeffrey Phillips, *Pro Se*
> 728 Kennolia Drive
> Atlanta, Georgia 30310

This 28th day of February, 2011.

> Laura S. Morris
> Ga. State Bar No.: 638603
> *Attorneys for Ocwen Loan Servicing, LLC*

WEISSMAN, NOWACK, CURRY & WILCO, P.C.
One Alliance Center, 4th Floor
3500 Lenox Road
Atlanta, Georgia  30326
Tel: (404) 926-4500
Fax: (404)926-4600
902424/15151.2513

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

**FILED IN OFFICE**
JUN 2 7 2011

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

| | | |
|---|---|---|
| JEFFREY PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTON FILE |
| | ) | NO. 2010CV193422 |
| | ) | |
| OCWEN LOAN SERVICING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### NOTICE OF LEAVE OF ABSENCE

COMES NOW Laura S. Morris and respectfully notifies the Court and counsel that she will be on leave pursuant to Georgia Uniform Court Rule 16. The period of leave during which time the undersigned counsel will be away from the practice of law for family vacation and travel is July 29, 2011 through and including August 8, 2011; November 23, 2011 through and including November 30, 2011; and December 22, 2011 through and including January 4, 2012. The Court and counsel shall have ten (10) days from the date of this Notice to object to it. If no objections are filed, the leave shall be granted.

WEISSMAN, NOWACK, CURRY & WILCO, PC

_____
Laura S. Morris
Georgia State Bar No. 638603
*Attorneys for Defendant*
*Ocwen Loan Servicing, LLC*

One Alliance Center, 4th Floor
3500 Lenox Road
Atlanta, Georgia 30326
Tel: (404) 926-4500
Fax: (404) 926-4600
lauramorris@wncwlaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that the **NOTICE OF LEAVE OF ABSENCE** was served

upon counsel of record by depositing a copy of same in the United States Mail, postage prepaid,

and properly addressed as follows:

Jeffrey Phillips, *Pro Se*
728 Kennolia Drive
Atlanta, Georgia 30310

Hon. Henry M. Newkirk
T4655 Justice Center Tower
185 Central Avenue, S.W.
Atlanta, GA  30303

This the _____ day of June, 2011.

WEISSMAN, NOWACK, CURRY & WILCO, P.C.

_____
LAURA S. MORRIS
Georgia Bar No. 638603

3500 Lenox Road
4th Floor, One Alliance Center
Atlanta, Georgia  30326
Telephone:  (404) 926-4500
Facsimile:  (404) 926-4600
E:mail:  lauramorris@wncwlaw.com
925599v1/15151.2513

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

FILED IN OFFICE

JUN 1 0 2011

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

| | | |
|---|---|---|
| JEFFREY PHILLIPS, | ) | |
| Plaintiff, | ) | |
| V. | ) | CIVIL ACTION FILE |
| | ) | NO. 2010CV193422 |
| | ) | |
| OCWEN LOAN SEVICING, LLC. | ) | |
| Defendant. | ) | |
| | ) | |

## PLAINTIFF'S MOTION FOR PRODUCTION OF DOCUMENTS

You are requested pursuant to O.C.G.A. 9-11-34 to produce the documents indicated below for inspection and copying by the Plaintiff. You are requested to produce the documents requested herein within thirty (30) days of your receipt.

1).Copies of all assignments, contracts, documents, agreements, and other disclosure forms, written communications, notes, memoranda and records concerning the note and mortgage that are the subject of this action, including attorney fee contracts and a history of the assignments from the original lender to Plaintiff that would document the chain of title of the note and mortgage.

2). For each payment received, produce a complete payment history, including but not limited to the dates and amounts of all the payments that have been made on the alleged loan to date, how the payment was applied or credited ( including the portion, if any, applied or credited to principal, interest, escrow, or suspense, and any Servicer), the month to which the payment was applied and if interest and principle is calculated using an actuarial accounting method.

3). Produce certified copies, front and back, of all checks or wire transfer confirmation obtained or issued by Upland Mortgage Company and/or Ocwen Loan Servicing, LLC used to fund and purchase this obligation, including all

copied of checks or wire transfers paid to all mortgages, trustees, beneficiary and successors.

4). Produce copies of all pooling and servicing agreements pertaining to the subject note and mortgage.

5). For each payment received, produce a complete payment history, including but not limited to the dates and amounts of all  the payments that have been made on the alleged loan to date, how the payment was applied or credited (including the portion, if any, applied or credited to principal, interest, escrow or suspense, and any Servicer), the month to which the payment was applied and if interest and principle is calculated using a daily actuarial accounting method.

6). Produce copies of complaints or petitions in any action filed by or against Ocwen Loan Servicing, LLC in which allegations are similar to those of this lawsuit.

 7). Produce settlement agreements that Ocwen Loan Servicing, LLC has entered into with any party or non-party as a result of predatory accounting practices  relating to loan number #34399121.

8). Produce a copy of all account receivables or payable, (including the amount, payment date, length of insurance term, and recipient of all expenses including appraisal fees, property inspection/preservation fees, forced-placed insurance charges, title insurance, hazard insurance, and legal fees) to this account that Ocwen Loan Servicing, LLC and any other bank, depository or financial institution and/or mortgage servicers recorded in its accounting ledger card and bookkeeping journal entries since the origination of this loan.

9). Produce all agreements, contracts, and understandings with vendors that have been paid for any charge on this account from the inception of this account to the present date.

10). Produce for each account accounting and servicing systems used by you and any previous servicers(Upland Mortgage Company) from the inception of this account to the present date. Please provide the complete transaction code list for each system.

11). For a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence or when it could be no longer located, and state the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document,

and identify any other document evidencing the lost document's existence or any facts about the lost document.

12). Produce copies of all internal memoranda, instructional or operational memoranda, training materials and any other materials or documents created by or distributed by Ocwen Loan Servicing, LLC or the IT Department / Computer Software Consultants as it relates to payment processing.

_Jeffry Phillps_
728 Kerimolia Dr
Atlanta GA
404-781-3662

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**   That   I have this day served the foregoing  Motion for productions of documents upon the defendant by placing a true and correct copy of same in the United  States Mail. With adequate postage, thereon addressed as

Follows:

> Laura  S. Morris
>
> WEISSMAN,NOWACK,CURRY& WILCO,P.C.
>
> One Alliance Center Fourth Floor
>
> 3500 Lennox Road
>
> Atlanta, Georgia 30326

This day_____day of June, 2011

Respectfullly Submitted



IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

**FILED IN OFFICE**
JUN 3 0 2011
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

JEFFREY PHILLIPS,                        )
                                         )
            Plaintiff,                   )
                                         )
v.                                       )      CIVIL ACTON FILE
                                         )      NO. 2010CV193422
                                         )
OCWEN LOAN SERVICING, LLC,               )
                                         )
            Defendant.                   )
                                         )

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the opposing party in the foregoing matter with a copy of **DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT'S** via first class mail addressed to:

> Jeffrey Phillips, *Pro Se*
> 728 Kennolia Drive
> Atlanta, Georgia 30310

This the 28th day of June, 2011.

Laura S. Morris
Georgia Bar No. 638603

Attorneys for Defendant

WEISSMAN, NOWACK, CURRY & WILCO, P.C.
One Alliance Center, 4th Floor
3500 Lenox Road
Atlanta, Georgia 30326
(404) 926-4500

926540v1/15151.2513



IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

**FILED IN OFFICE**
JUL 1 4 2011
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

JEFFREY PHILLIPS,                          )
                                           )
       **Plaintiff,**                    )
                                           )
v.                                         )    **CIVIL ACTON FILE**
                                           )    **NO. 2010CV193422**
                                           )
OCWEN LOAN SERVICING, LLC,                 )
                                           )
       **Defendant.**                   )
_____        )

### RULE 5.2(2) CERTIFICATE OF SERVICE

    Pursuant to Uniform Court Rule 5.2(2), this is to certify that I have this day served upon

the opposing party in this matter the following discovery: **DEFENDANT'S RESPONSES TO**

**PLAINTIFF'S MOTION FOR PRODUCTION OF DOCUMENTS** by depositing a copy of

same in the United States mail, with adequate postage thereon, addressed as follows:

                Jeffrey Phillips, *Pro Se*
                728 Kennolia Drive
                Atlanta, Georgia 30310

    This 13th day of July, 2011.

                      WEISSMAN, NOWACK, CURRY & WILCO,
                      P.C.

                      Laura S. Morris
                      Georgia Bar No. 638603
                      Attorneys for Defendant

One Alliance Center, 4th Floor
3500 Lenox Road
Atlanta, Georgia 30326
(404) 926-4500
v1/15151.2513

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

JEFFREY PHILLIPS,          )
                          )
        Plaintiff,         )          CIVIL ACTION
                          )
vs.                       )          FILE NO. 2010CVI93422
                          )
OCWEN LOAN SERVICING, LLC, )
                          )
        Defendants.        )

FILED IN OFFICE

AUG 26 2011

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

## ORDER ON MOTION

This case is before the Court on Plaintiff's Motion for Default Judgment. According to the Sheriff's Entry of Service, Defendant was served on November 24, 2010. The Court finds that under O.C.G.A. 9-11-55(a), Defendant paid costs and filed an Answer within 15 days after the default. Thus, any default was opened as a matter of law. Therefore,

IT IS HEREBY ORDERED and ADJUDGED Plaintiff's Motion for Default is DENIED.

**SO ORDERED**, this 26th day of August, 2011.

Judge, Henry M. Newkirk
Superior Court of Fulton County

Mr. Jeffrey Phillips
728 Kennolia Drive
Atlanta, Georgia 30310

Laura S. Morris, Esq.
WEISSMAN, NOWACK, CURRY & WILCO, P.C.
One Alliance Center, 4th Floor
3500 Lenox Road
Atlanta, Georgia 30326

FILED IN OFFICE

DEC 06 2011

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

JEFFREY PHILLIPS,                    )
                                     )
        Plaintiff,                   )        CIVIL ACTION
                                     )        FILE NO. 2010CV193422
vs.                                  )
                                     )
OCWEN LOAN SERVICING, LLC,           )
                                     )
        Defendant.                   )

## NOTICE OF TRIAL DATE

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that the above-styled case has been set on this Court's trial

calendar which begins on **Tuesday, January 3, 2012** in Courtroom 4A. This is a three week

trial calendar and there is no calendar call, so <u>parties need only appear when called for trial</u>.

The Staff Attorney, Allyn Parsons, will contact you closer to the trial date with further

information.

SO DATED, this ___6th___ day of December, 2011.

Henry M. Newkirk
Judge, Superior Court of Fulton County

Mr. Jeffrey Phillips
728 Kennolia Drive
Atlanta, Georgia  30310

Laura S. Morris, Esq.
WEISSMAN, NOWACK, CURRY & WILCO, P.C.
One Alliance Center, 4th Floor
3500 Lenox Road
Atlanta, Georgia  30326



IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

JEFFREY PHILLIPS,                        )

                    Plaintiff,           )

V.                                       )          CIVIL ACTION FILE

                                         )          NO. 2010CV193422

                                         )

OCWEN LOAN SERVICING, LLC.               )

                    Defendant.           )

_____  )

**FILED IN OFFICE**
DEC - 9 2011
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

### **MOTION TO COMPEL**

Pursuant to **O.C.G.A 9-11-37**, Plaintiff hereby moves the Court be compelled to respond to Discovery based on the following facts:

1. The Defendant's Responses to Discovery were due no later than July 30, 2011, no Response has been received. A good faith effort has been made to recover the Defendant's Responses.   On Oct 11, 2011   Plaintiff requested   for defendant;s counsel to provide documents  to be inspected in accordance with **O.C,G,A 9-11-34** production of documents request

2. As well as the names, addresses and telephone numbers of entities with full settlement authority.

3. The Defendant has refused to provide responses and has not indicated that she will provide such information. Since the Defendant has refused to respond in a timely manner, the plaintiff moves the court to compel the Defendant to respond to the Discovery requests.

4. Defendant's evasive or incomplete answer should be treated as a failure to answer.

Dated this 9th day of December, 2011

*Jeffrey Phillips*

Jeffrey Phillips

728 Kennolia Drive, Southwest

Atlanta, GA. 30310-2330

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

JEFFREY PHILLIPS,                          )
                                           )
            Plaintiff,                     )
                                           )
v.                                         )        CIVIL ACTON FILE
                                           )        NO. 2010CV193422
                                           )
OCWEN LOAN SERVICING, LLC,                 )
                                           )
            Defendants.                    )
_____        )

**FILED IN OFFICE**
**JAN 1 1 2012**
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

### DEFENDANT'S  RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

COMES NOW Defendant and responds to Plaintiff's motion to compel. Defendant shows the Court that Plaintiff's motion should be denied.

Plaintiff's motion to compel is without merit. Plaintiff contends that he has not received responses to discovery. While Plaintiff does not specify to what specific discovery he is referring, Plaintiff served Defendant with Plaintiff's First Request for Admissions and Plaintiff's Motion for Production of Documents. Defendant timely served responses to this discovery on June 28, 2011 and July 13, 2011, respectively. A true and accurate copy of the certificates of service pertaining to Defendant's responses to Plaintiff's First Request for Admissions and Motion for Production of Documents are attached hereto as Exhibits A and B, respectively. Plaintiff contends that on October 11, 2011, he requested for Defendant to provide him with documents for inspection. It is unclear from Plaintiff's assertion whether this was allegedly an oral or written communication; however, the undersigned counsel  for Defendant is unaware of

such a request. The Plaintiff has not engaged in a conference with the counsel for Defendant to resolve any discovery matters.

Plaintiff's numbered Paragraph 2 of his motion to compel makes reference to "names, addresses and telephone numbers of entities with full settlement authority." Plaintiff has not served any interrogatories in this case, and thus, there is no such discovery request to which he is owed a response.

Defendant attaches as Exhibits C and D, respectively, its responses to Plaintiff's First Request for Admissions and Motion for Production of Documents. To the extent that Defendant has indicated that it will supplement its response, it will do so.

There is no basis for Plaintiff's motion to compel, and the motion should be denied. Plaintiff's motion is contradictory. On the one hand, Plaintiff contends that he did not receive Defendant's responses to his discovery, while, on the other hand, he contends that Defendant's responses were evasive or incomplete.

Further, as required by Uniform Superior Court Rule 6.4 (B), Plaintiff has failed to confer with the undersigned counsel in a good faith effort to resolve any discovery dispute. Plaintiff has further failed to file a certified statement that such a conference took place and that efforts to resolve the matter by agreement failed. Plaintiff has also failed to attach the discovery requests that are at issue.

Wherefore, for the foregoing reasons, Defendant respectfully requests that Plaintiff's Motion to Compel be DENIED.

Respectfully submitted this 11th day of January 2012.

WEISSMAN, NOWACK, CURRY & WILCO, P.C.

BY: _____
      Laura S. Morris
      Ga. Bar No. 638603
      Attorneys for Defendant

One Alliance Center, 4th Floor
3500 Lenox Road
Atlanta, Georgia 30326
(404) 926-4500
100168219v1/15151.2513

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

FILED IN OFFICE

JUN 3 0 2011

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

JEFFREY PHILLIPS,                          )
                                           )
            Plaintiff,                     )
                                           )
v.                                         )          CIVIL ACTON FILE
                                           )          NO. 2010CV193422
                                           )
OCWEN LOAN SERVICING, LLC,                 )
                                           )
            Defendant.                     )
                                           )
_____      )

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the opposing party in the foregoing matter

with a copy of **DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR**

**ADMISSIONS TO DEFENDANT'S** via first class mail addressed to:

> Jeffrey Phillips, *Pro Se*
> 728 Kennolia Drive
> Atlanta, Georgia 30310

This the 28th day of June, 2011.

Laura S. Morris
Georgia Bar No. 638603

Attorneys for Defendant

WEISSMAN, NOWACK, CURRY & WILCO, P.C.
One Alliance Center, 4th Floor
3500 Lenox Road
Atlanta, Georgia 30326
(404) 926-4500

926540v1/15151.2513

**EXHIBIT**

H

FILED IN OFFICE

JUL 1 4 2011

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

JEFFREY PHILLIPS,                )
                                 )
        Plaintiff,               )
                                 )
v.                               )        CIVIL ACTON FILE
                                 )        NO. 2010CV193422
                                 )
OCWEN LOAN SERVICING, LLC,       )
                                 )
        Defendant.               )
_____  )

## RULE 5.2(2) CERTIFICATE OF SERVICE

Pursuant to Uniform Court Rule 5.2(2), this is to certify that I have this day served upon

the opposing party in this matter the following discovery: **DEFENDANT'S RESPONSES TO**

**PLAINTIFF'S MOTION FOR PRODUCTION OF DOCUMENTS** by depositing a copy of

same in the United States mail, with adequate postage thereon, addressed as follows:

Jeffrey Phillips, *Pro Se*
728 Kennolia Drive
Atlanta, Georgia 30310

This 13th day of July, 2011.

WEISSMAN, NOWACK, CURRY & WILCO,
P.C.


Laura S. Morris
Georgia Bar No. 638603
Attorneys for Defendant

One Alliance Center, 4th Floor
3500 Lenox Road
Atlanta, Georgia 30326
(404) 926-4500
v1/15151.2513



EXHIBIT

13

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| JEFFREY PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTON FILE |
| | ) | NO. 2010CV193422 |
| | ) | |
| OCWEN LOAN SERVICING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT'S

Comes Now Defendant, Ocwen Loan Servicing, LLC ("Ocwen") and responds to Plaintiff's First Request for Admissions. Defendant objects to the prefatory language to the extent that it seeks to impose upon it a greater burden or duty than that imposed by the Georgia Civil Practice Act. Subject to this objection and without waiving same, Defendant responds as follows:

1.

Admit or Deny that Ocwen Loan Servicing, LLC has failed to disclose to Plaintiff who the lender is on Loan Number 34399121.

**RESPONSE**: Denied.

2.

Admit or Deny that Ocwen Loan Servicing, LLC was aware that the original lender for Loan Number 34399121 was Upland Mortgage.

**RESPONSE**: In response to Request for Admission No. 2, Defendant admits that its understanding is that the original lender for Loan Number 34399121 was HomeAmerican Credit, Inc. D/B/A/ Upland Mortgage.



EXHIBIT

3.

Admit or Deny that Ocwen Loan Servicing, LLC had collected monthly mortgage payments from Plaintiff for Loan Number 34399121, after Upland Mortgage filed Chapter 11 Bankruptcy.

**RESPONSE:** In response to Request for Admission No. 3, Defendant admits that it has collected mortgage payments from Plaintiff; however, it denies that the payments were collected for Upland Mortgage.

4.

Admit or Deny that Ocwen Loan Servicing, LLC has not conveyed the collected payments to any lender since the time that Upland Mortgage filed Chapter 11, Bankruptcy.

**RESPONSE:** Defendant denies the allegations in Request for Admission No. 4 as stated.

5.

Admit or Deny that Ocwen Loan Servicing, LLC is aware that there is no lender currently listed or recorded in relation to Loan Number 34399121.

**RESPONSE**: Denied.

6.

Admit or Deny that Ocwen Loan Servicing, LLC and had the capabilities to electronically file documents for formal proceedings with the courts during the time period of December 1, 2010 until January 21, 2011.

**RESPONSE**: Defendant objects to Request for Admission No. 6 on the basis that it is overly broad and vague. The Request is not clear as to what information it is seeking, nor is it specifically limited to the facts and circumstances of this action. For further response, Defendant denies the allegations in this Request.

7.

Admit or Deny that Ocwen Loan Servicing, LLC Has collected monthly mortgage payments for loan Number 34399121 after Upland Mortgage filed Chapter 11 Bankruptcy.

**RESPONSE:** In response to Request for Admission No. 7, Defendant admits that it has collected mortgage payments from Plaintiff; however, it denies that the payments were collected for Upland Mortgage.

8.

Admit or Deny that Ocwen Loan Servicing, LLC has not conveyed collected payments to any lender since the time that Upland Mortgage filed Chapter 11 Bankruptcy.

**RESPONSE:** Defendant denies the allegations in Request for Admission No. 8 as stated.

9.

Admit or Deny that Ocwen Loan Servicing, LLC is aware that between May, 2005 and November, 2006, Ocwen did not apply payment to mortgage loan number 34399121.

**RESPONSE**: Defendant denies any allegations that it did not apply payments to mortgage loan number 34399121. Any and all other allegations are denied.

This 28th day of June, 2011.

WEISSMAN, NOWACK, CURRY & WILCO, P.C.

Laura S. Morris
Georgia Bar No. 638603
Attorneys for Defendant,
Ocwen Loan Servicing, LLC

One Alliance Center, 4th Floor
3500 Lenox Road
Atlanta, Georgia 30326
(404) 926-4500

926540v1/15151.2513

- 3 -

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

```
FILED IN OFFICE

   JUN 3 0 2011

DEPUTY CLERK SUPERIOR COURT
     FULTON COUNTY, GA
```

JEFFREY PHILLIPS,                    )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )     CIVIL ACTON FILE
                                     )     NO. 2010CV193422
                                     )
OCWEN LOAN SERVICING, LLC,           )
                                     )
        Defendant.                   )
                                     )

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the opposing party in the foregoing matter

with a copy of **DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR**

**ADMISSIONS TO DEFENDANT'S** via first class mail addressed to:

> Jeffrey Phillips, *Pro Se*
> 728 Kennolia Drive
> Atlanta, Georgia 30310

This the 28th day of June, 2011.

Laura S. Morris
Georgia Bar No. 638603

Attorneys for Defendant

WEISSMAN, NOWACK, CURRY & WILCO, P.C.
One Alliance Center, 4th Floor
3500 Lenox Road
Atlanta, Georgia 30326
(404) 926-4500

926540v1/15151.2513

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

JEFFREY PHILLIPS,                      )
                                       )
                Plaintiff,             )
                                       )
v.                                     )          CIVIL ACTON FILE
                                       )          NO. 2010CV193422
                                       )
OCWEN LOAN SERVICING, LLC,             )
                                       )
                Defendant.             )
_____)

## DEFENDANT'S RESPONSES TO PLAINTIFF'S MOTION
## FOR PRODUCTION OF DOCUMENTS

Comes Now Defendant, Ocwen Loan Servicing, LLC ("Ocwen"), and responds to

Plaintiff's Motion for Production of Documents as follows:

1.

Copies of all assignments, contracts, documents, agreements, and other disclosure forms, written communications, notes, memoranda and records concerning the note and mortgage that are the subject of this action, including attorney fee contracts and a history of the assignments from the original lender to Defendant or Alleged note holders that would document the chain of title of the note and mortgage.

RESPONSE: Defendant objects to Request No. 1 on the basis that it is overly broad, vague, and seeks information that is irrelevant to this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the extent that this Request seeks to discover information that is protected by the attorney work product rule and/or the attorney-client privilege. Defendant is not in the chain of title, and the note and security deed were not assigned to it. Subject to these objections and without waiving same, Defendant attaches a copy of the Note, Security Deed, and Assignment of Deed to Secure Debt.

2.

For each payment received, produce a complete payment history, including but not limited to the dates and amounts of all the payments that have been made on the alleged loan to date, how the payment was applied or credited (including the portion, if any, applied or credited



**EXHIBIT**

to principal, interest, escrow, or suspense, and any Servicer), the month to which the payment was applied and if interest and principle is calculated using an actuarial accounting method.

RESPONSE: Defendant objects to this Request on the basis that it is overly broad. The request seeks information relative to the original lender, which is not a party to this lawsuit, nor does this Defendant have the original lender's payment information. Subject to this objection and without waiving same, Defendant will supplement with a copy of any payment history that it has relative to this loan.

3.

Produce certified copies, front and back, of all checks or wire transfer confirmation obtained or issued by Upland Mortgage Company and/or Ocwen Loan Servicing, LLC used to fund and purchase this obligation, including all copied of checks or wire transfers paid to all mortgages, trustees, beneficiary and successors.

RESPONSE: HomeAmerican Credit, Inc. d/b/a Upland Mortgage was the originator of this loan. This Defendant does not have documents that are responsive to this Request.

4.

Produce copies of all pooling and servicing agreements pertaining to the subject note and mortgage.

RESPONSE: Defendant will supplement with a copy of the pooling and servicing agreement.

5.

For each payment received, produce a complete payment history, including but not limited to the dates and amounts of all the payments that have been made on the alleged loan to date, how the payment was applied or credited (including the portion, if any, applied or credited to principal, interest, escrow or suspense, and any Servicer), the month to which the payment was applied and if interest and principle is calculated using a daily actuarial accounting method.

RESPONSE: Defendant objects to this Request on the basis that it is overly broad. The request seeks information relative to the original lender, which is not a party to this lawsuit, nor does this Defendant have the original lender's payment information. Subject to this objection and without waiving same, Defendant will supplement with a copy of any payment history that it has relative to this loan.

6.

Produce copies of complaints or petitions in any action filed by or against Ocwen Loan Servicing, LLC in which allegations are similar to those of this lawsuit.

RESPONSE: Defendant objects to this Request on the basis that it is overly broad, vague and unduly burdensome. Defendant further objects on the basis that the Request seeks information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant declines to respond further.

7.

Produce settlement agreements that Ocwen Loan Servicing, LLC has entered into with any party or non-party as a result of predatory accounting practices relating to loan number #34399121.

RESPONSE: There are none.

8.

Produce a copy of all account receivables or payable, (including the amount, payment date, length of insurance term, and recipient of all expenses including appraisal fees, property inspection/preservation fees, forced-placed insurance charges, title insurance, hazard insurance, and legal fees) to this account that Ocwen Loan Servicing, LLC and any other bank, depository or financial institution and/or mortgage servicers recorded in its accounting ledger card and bookkeeping journal entries since the origination of this loan.

RESPONSE: Defendant objects to this Request on the basis that it is overly broad and unduly burdensome. The request is not limited in time. The request seeks information relative to the original lender, which is not a party to this lawsuit, nor does this Defendant have the original lender's payment information. Moreover, the Request seeks information that is not relevant to this lawsuit, nor is it reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections and without waiving same, Defendant will supplement with a copy of any payment history that it has relative to this loan.

9.

Produce all agreements, contracts, and understandings with vendors that have been paid for any charge on this account from the inception of this account to the present date.

RESPONSE: Defendant objects to this Request on the basis that it is overly broad, vague and unduly burdensome. Defendant further objects on the basis that the Request seeks information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant declines to respond further.

10.

Produce for each account accounting and servicing systems used by you and any previous servicers(Upland Mortgage Company) from the inception of this account to the present date. Please provide the complete transaction code list for each system.

RESPONSE: Defendant does not have information relative to Upland Mortgage. With regard to this Defendant, Defendant objects to the Request on the basis that its servicing is proprietary and Defendant declines to disclose that information. Defendant further objects on the basis that the Request seeks information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections and without waiving same, Defendant has no transaction code list.

11.

For a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence or when it could be no longer located, and state the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

RESPONSE: This Request does not seek the production of any documents, which is the purpose of O.C.G.A. § 9-11-34. Defendant objects to this Request on the basis that it is outside the scope of O.C.G.A. § 9-11-34. Defendant has not stated that any documents to which it has access no longer exist. To the extent that Plaintiff seeks information relative to third party documents, Defendant refers Plaintiff to those third parties for further response.

12.

Produce copies of all internal memoranda, instructional or operational memoranda, training materials and any other materials or documents created by or distributed by Ocwen Loan Servicing, LLC or the IT Department/Computer Software Consultants as it relates to defective software engineering remittance payment processing from April 2004 to June 2010.

RESPONSE: Defendant objects to this Request to the extent that it seeks proprietary information, which Defendant declines to disclose. Defendant further objects on the basis that the Request seeks information that is irrelevant to this lawsuit and that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections and without waiving same, Defendant does not contend that its software was defective.

This 13th day of July, 2011.

WEISSMAN, NOWACK, CURRY & WILCO, P.C.

Laura S. Morris
Georgia Bar No. 638603
Attorneys for Defendant

One Alliance Center, 4th Floor
3500 Lenox Road
Atlanta, Georgia 30326
(404) 926-4500

927964v1/15151.2513

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

FILED IN OFFICE

JUL 1 4 2011

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

JEFFREY PHILLIPS,                         )
                                          )
            Plaintiff,                    )
                                          )
v.                                        )        CIVIL ACTON FILE
                                          )        NO. 2010CV193422
                                          )
OCWEN LOAN SERVICING, LLC,                )
                                          )
            Defendant.                    )
_____          )

### RULE 5.2(2) CERTIFICATE OF SERVICE

Pursuant to Uniform Court Rule 5.2(2), this is to certify that I have this day served upon the opposing party in this matter the following discovery: **DEFENDANT'S RESPONSES TO PLAINTIFF'S MOTION FOR PRODUCTION OF DOCUMENTS** by depositing a copy of same in the United States mail, with adequate postage thereon, addressed as follows:

Jeffrey Phillips, *Pro Se*
728 Kennolia Drive
Atlanta, Georgia 30310

This 13<u>th</u> day of July, 2011.

WEISSMAN, NOWACK, CURRY & WILCO, P.C.

Laura S. Morris
Georgia Bar No. 638605
Attorneys for Defendant

One Alliance Center, 4th Floor
3500 Lenox Road
Atlanta, Georgia 30326
(404) 926-4500
v1/15151.2513

CERTIFICATE OF SERVICE

I hereby certify that I have this date served a true and correct copy of the within and

foregoing **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

upon all counsel of record as follows:

Jeffrey Phillips, *Pro Se*
728 Kennolia Drive
Atlanta, Georgia 30310

by depositing same in the United States Mail with sufficient postage affixed thereto to ensure

delivery.

This 11th day of January, 2012.

Laura S. Morris
Georgia Bar No. 638003

One Alliance Center, 4th Floor
3500 Lenox Road
Atlanta, Georgia 30326
(404) 926-4500