IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JEFFREY PHILLIPS, On Behalf of
Himself and All other Persons in the
State of Georgia who are Similarly
Situated,

Plaintiffs,

v.                                                    1:12-cv-3861-WSD

OCWEN LOAN SERVICING, LLC,

Defendant.

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge S. Justin Anand's

Non-Final Report and Recommendation [113] ("R&R"), which recommends

granting in part and denying in part Defendant Ocwen Loan Servicing, LLC's

("Defendant" or "OLS") Motion to Dismiss [78] Plaintiff Jeffrey Phillips's

("Plaintiff") Second Amended Complaint [69] ("SAC").  Also before the Court are

Plaintiff's and Defendant's Objections [117, 118] to the R&R.

## I.    BACKGROUND

A.    <u>Facts</u>[1]

On December 7, 1998, Plaintiff obtained a loan from HomeAmerican Credit, Inc., d/b/a/ Upland Mortgage ("Upland") and executed in favor of Upland a promissory note in the amount of $86,400.00 (the "Note").  Repayment of Plaintiff's loan obligations was secured by a deed (the "Security Deed") to real property located at 728 Kennolia Drive, Atlanta, Georgia (the "Property").  The Security Deed was executed in favor of Upland.  (SAC ¶¶ 16-19; Exs. A, B).

Plaintiff alleges that he experienced problems during Upland's servicing of his loan, including "a series of returned checks and the accrual of substantial insufficient funds fees, and harassment of Plaintiff when his installment was not paid on the fifteenth (15th) day of each month."  (<u>Id.</u> ¶ 26).

On April 20, 2005, OLS became the servicer of Plaintiff's loan. (<u>Id.</u> ¶¶ 21-22).  Plaintiff asserts that Upland's servicing errors continued after OLS began servicing his loan, and that "either Upland or Defendant OLS," without Plaintiff's consent, converted his loan into a "Simple Interest Loan."  (<u>Id.</u> ¶¶ 27-31).  Plaintiff asserts that his account statements from OLS, including his

---

[1]    The facts are more thoroughly discussed in the R&R.  The parties did not object to the facts set out in the R&R, and finding no plain error in the Magistrate Judge's findings of fact, the Court adopts them.  <u>See</u> <u>Garvey v. Vaughn</u>, 993 F.2d 776, 779 n.9 (11th Cir.1993).  The Court briefly summarizes the relevant facts here.

May 6, 2005, statement, show: "inaccurate amortization;" "fictitious escrow advances;" "fictitious 'past due' amounts;" and "false expenses."  (Id. ¶ 41; Ex. G). Plaintiff asserts that OLS "engaged in other wrongful actions" including: "duplicate insurance premiums," "false late charges," "duplicate payment of property taxes," and "fictitious legal/collection expenses."  (Id ¶ 42).  Plaintiff claims that these alleged servicing errors caused OLS to incorrectly treat Plaintiff's account as being in default.  (Id. ¶ 32).

On May 5, 2005, Upland executed a Limited Power of Attorney, authorizing OLS to, among others, "execute, acknowledge, seal and deliver deed of trust/mortgage note endorsements" and "assignments of deed of trust/mortgage and other recorded documents."  (Id. ¶ 24; Ex. C).

On March 10, 2010, OLS, as attorney-in-fact for Upland, executed an assignment (the "Assignment") of Upland's rights under the Note and Security Deed to Bank of America, National Association, as Successor by Merger to LaSalle Bank National Association, as Trustee for the Registered Holders of Credit Suisse Seasoned Loan Trust 2006-1, Home Equity Pass-Through Certificates, Series 2006-1 (the "Trustee").  (Id. ¶ 25, Ex. D).  The Assignment was recorded on March 19, 2010.  (Id.).[2]

---

[2]      The Assignment states that it was entered into on November 30, 2006, but it is dated March 10, 2010.  (Id.).

On March 1, 2010, Weissman Nowack Curry & Wilco, P.C. ("WNCW"), "under the direction of Defendant OLS," Plaintiffs asserts, sent to Plaintiff a Notice of Foreclosure Sale, stating that the Trustee was the holder of the Note and Security Deed, that OLS was the entity with full authority to negotiate, amend, and modify the terms of Plaintiff's mortgage, that Plaintiff had defaulted on his loan obligations, and that, if Plaintiff did not pay the entire balance of his loan, the Trustee would conduct a foreclosure sale of the Property.  (Id. ¶¶ 34-35; Ex. E).

On March 8, 15, 22, and 29, 2010, OLS published in the Fulton County Daily Report a Notice of Sale Under Power ("NSUP"), stating (i) that the Property was scheduled to be sold at foreclosure on the first Tuesday in April, 2010; (ii) that the foreclosure sale was being conducted by the Trustee; and (iii) that OLS was the entity with full authority to negotiate, amend, and modify the terms of Plaintiff's mortgage.  (Id. ¶¶ 36, 38-40; Ex. D).  A foreclose sale of the Property has not been conducted as of the date of this Order.

B.   Procedural History

On November 16, 2010, Plaintiff, proceeding *pro se*, filed his original complaint [1.1 at 2-7] against OLS in the Superior Court of Fulton County, Georgia.[3]  Plaintiff sought to remove the cloud on his title caused by his mortgage,

---

[3]   No. 2012-193422.

to recover all loan payments he made after Upland filed for bankruptcy protection in 2005, and to recover damages for alleged fraud and misrepresentation.

On October 5, 2012, after retaining counsel, Plaintiff filed his First Amended Complaint ("FAC") [4], seeking to bring a putative class action and asserting additional claims, including for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., wrongful attempted foreclosure, false light invasion of privacy, punitive damages, expenses of litigation, and injunctive relief.[4]

On November 2, 2012, OLS removed the Fulton County Action to this Court based on federal question jurisdiction and the Class Action Fairness Act [1].

On December 12, 2012, OLS moved to dismiss Plaintiff's FAC for failure to state a claim [13].

On September 10, 2013, the Court dismissed most of Plaintiff's claims, but allowed his claims for wrongful attempted foreclosure and false light invasion of privacy to proceed.  Plaintiff's claims for punitive damages, attorney's fees and

---

[4]     The FAC asserted claims for: fraud and deceit; negligence; mutual departure; equitable accounting; breach of fiduciary duty; violation of the FDCPA; promissory estoppel; wrongful attempted foreclosure; libel of title to land; false light invasion of privacy; intentional infliction of emotional distress; punitive damages; expenses of litigation; and injunctive relief.  The FAC also added Ocwen Financial Corporation ("OFC"), OLS's parent company, and the Trustee as defendants in this action.  On September 10, 2013, the Court dismissed Plaintiff's claims against OFC and the Trustee because Plaintiff failed to allege any facts to support wrongdoing by OFC or the Trustee [51].

5

costs, and injunctive relief were also allowed to proceed to the extent Plaintiff sought those remedies in connection with his claims for wrongful attempted foreclosure and false light invasion of privacy.  (Order of Sept. 10, 2013 [51]).

On October 30, 2013, Plaintiff moved for leave to file a second amended complaint, which Judge Anand granted only to the extent that Plaintiff sought to replead his claims for wrongful attempted foreclosure, false light invasion of privacy, and his claims for relief, and to add a new claim for breach of contract.[5]

On December 3, 2013, Plaintiff filed his Second Amended Complaint ("SAC") [69], asserting claims for: wrongful attempted foreclosure (Count 1); false light invasion of privacy (Count 2); breach of contract (Count 3); punitive damages (Count 4); expenses of litigation (Count 5); and preliminary and permanent injunctive relief (Count 6).[6]

---

[5]     Judge Anand denied Plaintiff leave to amend his claim for fraud and deceit because that claim was dismissed with prejudice in the Court's September 10th Order.

[6]     Plaintiff also repleaded his class action allegations to assert claims on behalf of a class of owners of real property located in the State of Georgia and secured by a mortgage loan serviced by OLS, who: (1) were assessed any charges not authorized by their loan terms, and which have not been subsequently cancelled or forgiven; (2) had hazard insurance improperly "force-placed" on their property; (3) had mortgage loans served by OLS which were either in default or treated as being in default by OLS; or (4) had one or more foreclosure notices published regarding their homes by OLS or OLS made any other publication of alleged default to third parties; and (5) whose homes were not foreclosed or attempted foreclosures were later withdrawn and who were not affiliated with OLS or a judge or judicial official assigned to the matter.  (SAC ¶ 45).

On December 20, 2013, OLS moved to dismiss (1) the portions of Plaintiff's claims in his SAC that are based on Plaintiff's newly alleged theories that the Assignment was not valid and that OLS and the Trustee lacked authority to foreclose on the Property; and (2) Plaintiff's breach of contract claim, in its entirety.

On May 19, 2014, OLS filed its Motion for Summary Judgment, which is pending before Judge Anand as of the date of this Order.

On July 24, 2014, Judge Anand issued his R&R, recommending that OLS's Motion to Dismiss be granted with respect to Plaintiff's claims for wrongful attempted foreclosure and false light invasion of privacy only to the extent those claims are based on the allegedly false assertion that "OLS and the Trustee had the power to foreclose by means of a valid enforceable assignment." Judge Anand also recommended that OLS's Motion to Dismiss be denied with respect to Plaintiff's breach of contract claim.

On August 7 and 11, 2014, respectively, Plaintiff and Defendant filed their objections [117, 118] to the R&R.

**II.    DISCUSSION**

    A.    <u>Legal Standards</u>

        1.    <u>Review of a Magistrate Judge's R&R</u>

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); <u>Williams v. Wainwright</u>, 681 F.2d 732 (11th Cir. 1982), <u>cert. denied</u>, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record.  <u>United States v. Slay</u>, 714 F.2d 1093, 1095 (11th Cir. 1983), <u>cert. denied</u>, 464 U.S. 1050 (1984).

The parties do not assert any specific objections to the R&R.  Plaintiff states that he "does not object to the ultimate disposition of any of the three Counts of his [SAC] as addressed in the [R&R]," and concedes that "[a]lthough styled as 'objections' . . . Plaintiff is principally concerned, in view of the sequence of filing of the Defendant's motions and the Plaintiff's responses, that the rationale of the [R&R] is in accord with the full record before the Court, particularly Plaintiff's

response to [OLS's Motion for Summary Judgment]."  (Pl's Obj. at 3).  Defendant

states in its filing that it "does not object to the [] R&R but submits this short paper

to clarify beyond any doubt that it does not intent to concede the truth of the facts

recited in the [] R&R."  (Def's Obj. at 1).

 A valid objection must "specifically identify the portions of the proposed

findings and recommendation to which objection is made and the specific basis for

objection."  Heath v. Jones, 863 F.2d 815, 822 (11th Cir. 1989); see also Marsden

v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties filing objections to a

magistrate's report and recommendation must specifically identify those findings

objected to.  Frivolous, conclusive, or general objections need not be considered by

the district court.").  The parties' assertions do not constitute valid objections and

the Court thus reviews the R&R for plain error.[7]

---

[7] In his Objections, Plaintiff "wishes to call the Court's attention to recent
case authority, involving [OLS], including an opinion issued after Plaintiff's
July 3, 2014, briefing of his responses to the Motion to Dismiss and the Motion for
Summary Judgment," including a case Plaintiff claims is "instructive with respect
to the judicial estoppel defense advanced by [OLS] in its Motion for Summary
Judgment."  (Pl's Obj. at 3, 16).  These arguments are not properly before the
Court and the Court will not consider them.  That Plaintiff attempts to file an
impermissible sur-reply to Defendant's Motion for Summary Judgment, couched
as objections to the Magistrate Judge's R&R on the Motion to Dismiss, is
inappropriate.  Even if properly before the Court, the cases on which Plaintiff relies
involved fact-specific analyses of the loan account histories in those cases and
Plaintiff fails to show how these decisions from courts outside of our district are
relevant to the issues presented in this case.  These cases show, at most, that other

9

2.      <u>Motion to Dismiss for Failure to State a Claim</u>

The law governing motions to dismiss pursuant to Rule 12(b)(6) is well-settled.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)); <u>see also</u> <u>Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.</u>, 992 F.2d 1171, 1174 (11th Cir. 1993) (dismissal appropriate "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action").

In considering a motion to dismiss, the Court must "assume that the factual allegations in the complaint are true and give the plaintiff[] the benefit of reasonable factual inferences."  <u>Wooten v. Quicken Loans, Inc.</u>, 626 F.3d 1187, 1196 (11th Cir. 2010), <u>cert. denied</u>, 132 S. Ct. 245 (2011).  Although reasonable inferences are made in the plaintiff's favor, "'unwarranted deductions of fact' are not admitted as true."  <u>Aldana v. Del Monte Fresh Produce, N.A.</u>, 416 F.3d 1242, 1248 (11th Cir. 2005) (quoting <u>S. Fla. Water Mgmt. Dist. v. Montalvo</u>, 84 F.3d 402, 408 n.10 (11th Cir. 1996)).  Similarly, the Court is not required to

---

courts have criticized specific actions OLS took regarding the accounts at issue in those cases.

accept conclusory allegations and legal conclusions as true.  See <u>Am. Dental Ass'n</u> <u>v. Cigna Corp.</u>, 605 F.3d 1283, 1290 (11th Cir. 2010).

The complaint ultimately is required to contain "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  Mere "labels and conclusions" are insufficient. <u>Id.</u> at 555.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678 (citing <u>Twombly</u>, 550 U.S. at 556). "Plausibility" requires more than a "sheer possibility that a defendant has acted unlawfully" or the "mere possibility of misconduct," and a complaint that alleges facts that are "merely consistent with" liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" <u>Id.</u> at 678-79 (citing <u>Twombly</u>, 550 U.S. at 557).  The well-pled allegations in a complaint must "'nudge[] [a party's] claims across the line from conceivable to plausible.'" <u>Am. Dental</u>, 605 F.3d at 1289 (quoting <u>Twombly</u>, 550 U.S. at 570).[8]

---

[8]     Federal Rule of Civil Procedure 8(a)(2) requires the plaintiff to state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  In <u>Twombly</u>, the Supreme Court recognized the liberal minimal standards imposed by Federal Rule 8(a)(2) but also acknowledged that "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." <u>Twombly</u>, 550 U.S. at 555.

B.    Analysis

    1.    Wrongful Attempted Foreclosure and False Light
           Invasion of Privacy

Plaintiff claims that OLS "knowingly and intentionally published untrue and derogatory information concerning Plaintiff's financial condition, *to wit* [sic] that Plaintiff was . . . in default under the Loan, and that Defendant OLS and the Trustee had the power to foreclose by means of a valid enforceable assignment." (SAC ¶¶ 77, 85).

Judge Anand found that Plaintiff cannot state a claim for relief based on his assertions that the Assignment is not valid and that OLS and the Trustee lacked authority to foreclose on the Property because these statements, even if false, do not concern Plaintiff's financial condition and because mere misidentification of the entity to whom a debt is owed would not be "highly offensive to a reasonable person."  Judge Anand recommended that the Court dismiss Plaintiff's claims for wrongful attempted foreclosure and false light invasion of privacy to the extent they are based on perceived defects in the Assignment and alleged lack of authority to foreclose, and the Court finds no plain error in this recommendation.  See, e.g., Jenkins v. McCalla Raymer, LLC, 492 F. App'x 968, 972 (11th Cir. 2012) (quoting Aetna Fin. Co. v. Culpepper, 320 S.E. 228, 232 (Ga. Ct. App. 1984)) (To state a claim for attempted wrongful foreclosure under Georgia law, plaintiff must

allege, among others, "'a knowing and intentional publication of untrue and derogatory information *concerning the debtor's financial condition*.'"); <u>Peterson v. Merscorp Holdings Inc.</u>, No. 12-cv-14, 2012 WL 3961211 at *5 (N.D. Ga. Sept. 10, 2012) (plaintiffs failed to state a claim for attempted wrongful foreclosure by alleging only that defendant misrepresented itself on the foreclosure notice; plaintiffs did not allege that defendants published "untrue" or "derogatory" statements about plaintiffs' financial condition); <u>Smith v. Stewart</u>, 660 S.E.2d 822 (Ga. Ct. App. 2008) (To support claim for false light invasion of privacy, a plaintiff must show that the defendant knowingly or recklessly published falsehoods about him or her and, as a result, placed him or her in a false light which would be highly offensive to a reasonable person.).[9]

### 2.   Breach of Contract

Plaintiff claims that "OLS's arbitrary and capricious violation of the terms of the Loan and Note, and the resulting attempted foreclosure of the [Property], constituted a breach by [] OLS."  (SAC ¶ 89).

---

[9]      Judge Anand also noted, and the Court agrees, that because Georgia law requires only that the foreclosing entity record the security deed *"prior to the time of sale,"* <u>see</u> O.C.G.A. § 44-14-162(b), that the Assignment was recorded after the Notice of Sale Under Power was first published does not affect the Trustee's authority to foreclose on the Property after recordation.  For this reason, even if it were a valid objection to the R&R—which it is not—the Court declines Plaintiff's suggestion that "the [R&R] should be amended to reflect the fact that Plaintiff's claims are based on an attempted foreclosure that was false, defamatory, and in this case, was *undertaken without authority*."  (Pl's Obj. at 6) (emphasis added).

Judge Anand found that, although Plaintiff did not identify specific provisions in the Note that OLS allegedly breached, Plaintiff alleged sufficient facts—albeit scattered throughout his SAC—to state a plausible claim for breach of contract.  Plaintiff alleges that OLS, without Plaintiff's consent, converted his loan into a "Simple Interest Loan;" that OLS assessed "duplicate insurance premiums," "false late charges," "duplicate payment of property taxes," and "fictitious legal/collection expenses;" and that OLS made "false entries" on Plaintiff's account, including "inaccurate amortization," "fictitious escrow advances," "fictitious 'past due' amounts," and "false expenses" which, Plaintiff asserts, are supported by his May 6, 2005, account statement he submitted with his SAC.  (See generally SAC ¶¶ 27-32, 41-42 & Ex. G).  Judge Anand recommended that Defendant's motion to dismiss Plaintiff's breach of contract claim be denied, and the Court finds no plain error in this recommendation.  See, e.g., Budget Rent-A-Car of Atlanta, Inc. v. Webb, 469 S.E. 2d 712 (Ga. Ct. App. 1996) (Under Georgia law, elements of a breach of contract claim are (i) a valid contract; (ii) material breach of its terms; and (iii) damages arising from the material breach); Bates v. JPMorgan Chase Bank, N.A., No. 4:12-cv-43(CDL), 2012 WL 3727534, at *5 (M.D. Ga. Aug. 27, 2012) ("While these allegations are not as detailed as they could be, the Court finds that they sufficiently place

14

[d]efendant on notice as to the nature of her claim and include factual allegations in support of that claim," because "it is obvious that [plaintiff] is alleging that [defendant] breached provisions of the note and security deed regarding (1) application of payments, (2) permissible fees and charges . . . (3) duties . . . that were allegedly incorporated into the note and security deed, and (4) invocation of the power of sale."); Stroman v. Bank of America Corp., 852 F.Supp.2d 1366, 1377 (N.D. Ga. 2012) (plaintiff's allegation that "[d]efendants . . . failed to apply her payments properly according to the terms of the contract" was sufficient, at motion to dismiss stage, to support breach of contract claim).[10]

---

[10]    Judge Anand also found that, to the extent Defendant argued that Plaintiff cannot state a claim for breach of contract against OLS because OLS was acting as a disclosed agent for Upland and the Trustee, the Court cannot, at this stage in the litigation, determine whether OLS's agency was properly disclosed to Plaintiff or whether OLS was acting as a principal or owner of the Note and Security Deed. The Court agrees with Judge Anand's conclusion that "in the unique procedural posture of this case, there is no reason at the time to dismiss this claim based on these borderline allegations . . . [because] [d]iscovery has been completed," "Defendant has already filed a motion for summary judgment requesting judgment in favor of Defendant on this claim on the basis of the actual evidence aduced in discovery," and "[g]iven the debatable quality of the allegations [in Plaintiff's SAC,] . . . the appropriate course is to assume the sufficiency of those allegations for the purpose of resolving the instant motion, but revisit the issue in the context of Defendant's summary judgment motion."  (R&R at 27-28).
    To the extent Plaintiff "objects to the [R&R's] suggestion that Plaintiff's contract claim might be appropriate for resolution on summary judgment" because "the issue of whether a principal was disclosed or undisclosed is generally a question for the jury," Plaintiff's argument is not properly before the Court and the Court will not consider it at this stage in the litigation.

III.    **CONCLUSION**

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the parties' Objections [117, 118] are **OVERRULED.**

**IT IS FURTHER ORDERED** that Magistrate Judge Justin S. Anand's Non-Final Report and Recommendation [113] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss [78] Plaintiff's Second Amended Complaint is **GRANTED IN PART** and **DENIED IN PART.**  It is **GRANTED** with respect to Plaintiff's claims for wrongful attempted foreclose and false light invasion of privacy to the extent these claims are based on Plaintiff's theories that the Assignment was not valid and lack of authority to foreclose.  It is **DENIED** with respect to Plaintiff's breach of contract claim.  Plaintiff's claims for wrongful attempted foreclose and false light invasion of privacy, based on Plaintiff's assertion that he was not in default on his loan obligations, and his breach of contract claim are **ALLOWED TO PROCEED.**

**SO ORDERED** this 12th day of September, 2014.


WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

16